IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCEL AUSTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | 2:07-cv-491-WKW |
| | ) | |
| STATE OF ALABAMA, *et. al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONDENTS' ANSWER TO COURT'S
## ORDER TO SHOW CAUSE

Come now Respondents, in the above case, and file their answer in response

to this Court's Order to Show Cause dated June 6, 2007.  In support of their

answer, Respondents present the following answer, supporting memorandum brief,

and exhibits.

## PROCEDURAL HISTORY[1]

Petitioner, Marcel Austin (Austin), initially entered a guilty plea to reckless

murder and was sentenced to 45 years imprisonment in the Montgomery County

Circuit Court before Judge Charles Price on June 21, 2004.  Austin's challenges to

his guilty plea and sentence through post-trial motions were all denied. (R. 26)

---

[1] Facts presented in the Procedural History were taken from Respondents' Exhibit
A, unless other denoted.

Austin attempted to appeal the denial of his motion to withdraw his guilty plea, but the appeal was dismissed as untimely filed by the Court of Criminal Appeals on November 12, 2004. (R. 26; Exhibit B)  Certificate of Judgment was entered on the same day. (Exhibit B-1).

On August 1, 2005, Austin filed a Rule 32 petition in the Montgomery County Circuit Court. (R. 4)  Austin alleged the Constitution of the United States or the State of Alabama requires he receive a new trial, a new sentence  proceeding or other relief. (R. 7)  Austin filed a memorandum in support of his Rule 32 petition. (R. 12-16)  Within his memorandum, Austin alleged the court was without jurisdiction to render judgment or to impose sentence; his conviction was obtained by a guilty plea which was unlawfully induced and not made voluntarily with an understanding of the consequences of the plea, and he was denied effective assistance of counsel. (R. 12)

On December 22, 2005, the State filed a response to Austin's Rule 32 petition with supporting exhibits. (R. 26-90)  The State averred Austin's claims were all without merit. (R. 26-38)  The exhibits filed in support of the State's answer confirmed that Austin's claims regarding ineffective assistance of counsel, jurisdiction of the court, and improper guilty plea were all without merit.

Accordingly, on January 3, 2006, Judge Price entered an order granting the State's motion to dismiss and denied Austin's Rule 32 petition. (R. 91-102)

On January 19, 2006, Austin filed a Motion to Amend his Rule 32 petition with supporting exhibits. (R. 103-112)  In his amendment, Austin alleged the State presented false information and that Judge Price did not conduct himself properly. (R. 103-104)  On January 19, 2006, Austin filed notice of appeal.  On appeal, the Court of Criminal Appeals affirmed the denial of Austin's Rule 32 on May 12, 2006. (Exhibit A-1)  Certificate of Judgment was issued on June 7, 2006. (Exhibit A-2).

## AUSTIN'S FEDERAL HABEAS CLAIMS

June 5, 2007, Austin filed a federal writ of habeas corpus petition in this Court.  Austin alleges:

1.    **Ineffective Assistance of Counsel** - Petitioner believes he was deprived of his constitutional right to effective assistance of counsel and that exculpatory evidence was withheld which materially prejudiced the Defendant's position and forced him into a situation where he felt he had no choice but to plead guilty to the charge against him.  The Petitioner also asserts that his lawyer refused to prepare his case for trial and instead exerted constant pressure on him to plead guilty.  The Petitioner does not feel the evidence was sufficient to sustain his conviction.

3

2.    **Ineffective Assistance of Counsel** - Petitioner believes he was deprived of effective assistance of counsel. Petitioner asserts that his counsel would not take any steps to pursue evidence which would have exonerated him. Petitioner asserts that his lawyer steadily pressured him to plead guilty and urged him to cooperate with law enforcement authorities rather than prepare his case for trial. Petitioner asserts he would not have pled guilty but for the lack of effort asserted towards his case by his lawyer and her constant urging him to plead guilty.

(Austin's petition). On June 6, 2007, this Court entered an order requiring Respondents to show cause why Austin's writ of habeas corpus petition should not be granted.

## ANSWER TO THE PETITION

1.    Respondents admit Austin is being held in the state penitentiary pursuant to a lawful conviction for reckless murder, with a 45-year sentence. Austin's conviction and sentence were entered in the Circuit Court of Montgomery County.

2.    Respondents deny that any of Austin's rights under the Constitution of the United States or under and federal statute or treaty have been abridged.

3.    Respondents deny each and every allegation contained in Austin's petition.

4

4.    Austin's federal habeas corpus petition is barred by the one-year statute of limitation.

## MEMORANDUM BRIEF IN
## SUPPORT OF ANSWER[2]

Austin's allegations are barred from consideration by this Court, because his federal writ of habeas corpus petition was filed in violation of the one-year statute of limitation expressed in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). The one-year statute of limitation of the AEDPA is codified in 28 U.S.C. §2244(d), and provides:

(1)  A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or expiration of time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;

---

[2] Respondents will only address the one-year statute of limitation violation presented by Austin's federal writ of habeas corpus petition. Respondents do not waive their procedural default claims and reserve the right to raise any procedural default claims should this Court conclude Austin's federal habeas corpus petition is not barred by the one-year statute of limitation.

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (emphasis added)

Section 28 U.S.C. §2244(d)(1)(A), requires a federal habeas petitioner to file a petition for writ of habeas corpus within at least one year after his state conviction becomes final.

Here, Austin appealed his state conviction and sentence.  His conviction and sentence were affirmed in a decision by the Alabama Court of Criminal Appeals on November 10, 2004.  Austin's appeal was dismissed, because he did not properly preserve his guilty plea proceeding. (Exhibit B)  Certificate of Judgment was issued on the same day. (Exhibit B-1)  Austin did not seek further review. Therefore, his direct appeal time expired 90 days later, which was February 10, 2005, the time he could have sought review by the Supreme Court of the United States.

6

Austin had until February 10, 2006, to timely file his federal habeas petition. Austin's petition was filed on June 5, 2007. This was approximately one year and four months after the one-year statute of limitation expired on February 10, 2006. Thus, Austin's federal writ of habeas corpus petition was untimely filed. Austin's federal habeas petition, however, could be addressed by this Court, if he is able to take advantage of the tolling provisions. Based upon the facts, however, Austin's federal habeas petition violates the one-year statute of limitation and should be denied.

Austin's conviction and sentence became final after the enactment of the AEDPA. Therefore, "equitable application" is not applicable to Austin's case. Under "equitable application" petitioners were allowed a one-year moratorium until April 24, 1997, to file their federal habeas petition, despite the finality date. See Wilcox v. Florida Department of Corrections, 158 F. 3d 1209, 1211 (11th Cir. 1998).

Austin also cannot take advantage of the tolling provision in the AEDPA provision codified in 28 U.S.C. §2244(d)(2). The tolling provision tolls the one-year statute of limitation, if a state post-conviction petition is "properly filed" within the one-year period following a state direct appeal.

7

Here, Austin "properly filed" a Rule 32 petition in the Circuit Court of Montgomery County on August 1, 2005, within the one-year statute of limitation provided in Rule 32.2(c) of the Alabama Rules of Criminal Procedure. Austin's Rule 32 petitioner was denied. The denial of Austin's Rule 32 petition was affirmed on appeal on May 12, 2006. Certificate of judgment was issued on June 7, 2006. Austin's Rule 32 petition tolled the one-year statute of limitation for approximately one year. At the filing of Austin's Rule 32 petition, five months had expired off of his one-year statute of limitation (February 10, 2005 - expiration of 90-day review - - - August 1, 2005 filing of Rule 32 petition). Therefore, when the denial of his Rule 32 petition became final, Austin had seven months to timely file his federal habeas corpus petition (seven months remaining on the 12 month time period).

To have taken <u>full</u> advantage of the tolling provision, Austin should have filed his Rule 32 petition before the expiration of the seven months, on or before January 7, 2007 (seven months from the finality of the denial of Austin's Rule 32 petition). Austin, however, did not file his federal habeas until June 5, 2007. This was more than five months after the tolling period ended. Therefore, Austin's "properly filed" Rule 32 petition <u>had no effect</u> on the tolling provision of the AEDPA. Consequently, Austin failed to timely file his federal writ of habeas

8

corpus petition, and his failure prevents review of his nonjurisdictional ineffective assistance of counsel issues for federal habeas corpus review.

## CONCLUSION

Based upon the foregoing facts and authorities, Austin's federal writ of habeas corpus petition should be denied based upon a violation of the one-year statute of limitation provided in the AEDPA.

## EXHIBITS

Exhibit A - Transcript in CC-04-463.60;

Exhibit A-1 - Court of Criminal Appeals decision in CR-05-0850;

Exhibit A-2 - Certificate of Judgment in CR-05-0850;

Exhibit B - Alabama Court of Criminal Appeals Decision in CR-03-2078;

Exhibit B-1 - Certificate of Judgment in CR-03-2078.


Respectfully submitted,

s/Yvonne A. H. Saxon (Sax003)
Yvonne A. H. Saxon (Sax003)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail: ysaxon@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document (excluding exhibits) to the following non-CM/ECF participants:   Marcelle Austin, AIS# 236470, S. Louisiana Correctional Facility, 3843 Stagg Ave., Wolf 1, Basile, LA, 70515.

Respectfully submitted,

s/Yvonne A. H. Saxon (Sax003)
Yvonne A. H. Saxon (Sax003)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail: ysaxon@ago.state.al.us

286542/109628-001

**COURT OF CRIMINAL APPEALS NO.**                    CR 05-0850

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

**CIRCUIT COURT OF** _MONTGOMERY_ **COUNTY, ALABAMA**

**CIRCUIT COURT NO**        CC 04-463.60

**CIRCUIT JUDGE**        CHARLES PRICE

Type of Conviction/ Order Appealed From:        RULE 32

Sentence Imposed:

Defendant Indigent:        ☑ YES    ☐ NO

## MARCEL AUSTIN

### NAME OF APPELLANT

PRO SE                        AIS# 236470
(Appellant's Attorney)                    (Telephone No.)

BULLOCK CORRECTIONAL FAC. - P.O. BOX 5107
(Address)

UNION SPRINGS        AL        36089-5107
(City)                (State)            (Zip Code)

### V.

## STATE OF ALABAMA

### NAME OF APPELLEE

(State represented by Attorney General)

NOTE:  If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

df

(For Court of Criminal Appeals Use Only)

## INDEX
## CLERK'S RECORD

CASE ACTION SUMMARY…………………………………………………………    1

RULE 32 PETITON…………………………………………………………...    2-16

ORDER FOR STATE TO RESPOND………………………………………………..    17

MOTION FOR ENLARGEMENT OF TIME………………………………………...    18-19

MOTION FOR ENLARGEMENT OF TIME………………………………………...    20-21

ORDER GRANTING STATE'S REQUEST FOR AN EXTENSION OF TIME….....    22

MOTION FOR ENLARGEMENT OF TIME………………………………………...    23-24

PETITIONER'S OPPOSITION TO ENLARGEMENT OF TIME…………………..    25

STATE'S ANSWER………………………………………………………………    26-90

ORDER DENYING RULE 32 PETITION………………………………………….....    91-102

MOTION TO AMEND RULE 32 PETITION………………………………………..    103-112

RESPONSE TO STATE'S ANSWER…………………………………………………    113-114

NOTICE OF APPEAL……………………………………………………………..    115

REPORTER'S TRANSCRIPT ORDER……………………………………………    116

DOCKETING STATEMENT……………………………………………………….    117-118

CLERK'S NOTICE OF APPEAL…………………………………………………..    119

CERTIFICATE OF COMPLETION………………………………………………..    120

```
0372          ALABAMA JUDICIAL INFORMATION SYSTEM     CASE:
R: TOR                 CASE ACTION SUMMARY
PAGE:  1                 CIRCUIT  CRIMINAL                 RUN DATE: 08/18/2005
=====================================================================
IN THE CIRCUIT COURT OF MONTGOMERY                          JUDGE: CNP

STATE  OF  ALABAMA              VS      AUSTIN MARCEL
                                        BULLOCK C.F.
CASE: CC 2004 000463.60                 P.O.BOX 5107
                                        UNIONSPRINGS, AL   36089 0000

DOB: 10/21/1978        SEX: M  RACE: B  HT: 5 10  WT: 185  HR: BLK EYES: BRO
SSN: 417083979  ALIAS NAMES: AUSTIN MARCELLE
=====================================================================
CHARGE01                       CODE01: RULE   LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                      DATE ARRESTED:
DATE      INDICTED:                    DATE      FILED: 08/01/2005
DATE      RELEASED:                    DATE    HEARING:
BOND       AMOUNT:         $.00        SURETIES:

DATE 1:             DESC:              TIME: 0000
DATE 2:             DESC:              TIME: 0000

TRACKING NOS: CC 2004 000463 00  /                  /

  DEF/ATY:                       TYPE:                      TYPE:

                      00000                        00000

PROSECUTOR:

=====================================================================
OTH CSE: CC200400046300 CHK/TICKET NO:                   GRAND JURY:
COURT REPORTER: _____ SID NO:    001494170
DEF STATUS: PRISON        DEMAND:                           OPER: TOR
=====================================================================
DATE          ACTIONS, JUDGEMENTS, AND NOTES
=====================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 8/18/05 | Copy of Rule 32 Sent to DA |
| 1/3/06 | Defendants Rule 32 Petition was Denied  Charles Price |
| 01/13/06 | Notice of Appeal w/ Forms |
| 02/06/06 | Clerk's Notice of Appeal To Crm Appls, AG, DA & Def.  CR 05-0850 |

Case Number

CC 04 463.60 Cup

ID    YR    NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
[Insert appropriate court]

MARCEL AUSTIN
_____
(Petitioner)

vs.

STATE OF ALABAMA
_____
(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, MARCEL AUSTIN _____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?     Yes _____     No _✗_

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

        _____
        _____

    b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

        _____
        _____

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

        Yes _____     No _✗_

    b.  Rent payments, interest, or dividends?

        Yes _____     No _✗_

    c.  Pensions, annuities, or life insurance payments?

        Yes _____     No _✗_

    d.  Gifts or inheritances?

        Yes _____     No _✗_

    e.  Any other sources?

        Yes _✓_     No _____

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____
_____ , 80 9 _____
_____
_____

3.  Do you own cash, or do you have money in a checking or savings account?

Yes ___✓___                    No _____

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____
_____ 80 9 _____
_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____                    No __✓___

If the answer is "yes", describe the property and state its approximate value.

_____
_____ NA _____
_____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____
_____ NA _____
_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ____7/8/05_____ .
                    (Date)

_____
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ ____80 9____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said ____BULLOCK COUNTY CORR. FACILITY____ institution:

_____
_____
_____

7/8/05
DATE

_____
AUTHORIZED OFFICER OF INSTITUTION

BULLOCK COUNTY CORR. FACILITY

Rule 32

4

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

Case Number

CC ____ 04 ____ 463 · 60
ID      YR      NUMBER

IN THE _____ Circuit _____ COURT OF Montgomery County, ALABAMA

Marcel Austin _____ vs. _____ State of Alabama

Petitioner (Full Name)                    Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number AIS # 236470 _____ Place of Confinement Bullock County Corr Facility

County of conviction _____ Montgomery _____

### NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY
### THE ACCOMPANYING INSTRUCTIONS.

1.  Name and location (city and county) of court which entered the judgment of conviction

    or sentence under attack  Montgomery County Circuit Court

    P. O Box 1667 Montgomery Alabama 36102

2.  Date of judgment of conviction  6/21/04 Plea   8/6/04 Sentencing

3.  Length of sentence  45 years

4.  Nature of offense involved (all counts)  Reckl Murder

    _____

    _____

    _____

5.  What was your plea?  (Check one)

    (a)  Guilty  Y

    (b)  Not guilty  _____

    (c)  Not guilty by reason of mental disease or defect  _____

    (d)  Not guilty and not guilty by reason of mental disease or defect  _____

6. Kind of trial: (Check one)

    (a)  Jury _____ ●       (b)  Judge only __✓__ ●

7. Did you testify at the trial?

    Yes _____          No _✗_

8. Did you appeal from the judgment of conviction?

    Yes _____          No _✗_

9. If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____

        (3)  Date of result _____

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____

        (3)  Date of result _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____

        (3)  Date of result _____

any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _✓_     ● No _____     ●

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _Montgomery County_

(2) Nature of proceeding _Motion to Withdraw Guilty Plea_

(3) Grounds raised _Was Promise a Split Sentence Without Gun Enhancement_

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____     No _✓_

(5) Result _Denied_

(6) Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____     No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____

3

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.        Yes __X__          No _____

(2) Second petition, etc.       Yes _____        No _____

(2) Third petition, etc.        Yes _____        No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____ N/A _____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

__X__   A.   <u>The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.</u>

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.



(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____ B.  **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C.  **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.  **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E.  **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _X___            No _____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court _Montgomery County Circuit Court_

(b) Result _Denied_

(c) Date of result _____
(attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____            No _X___

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____

(b) At arraignment and plea __Aimee Cobb Smith and Richard Keith__

(c) At trial _____

(d) At sentencing _____Same As Above_____

(e) On appeal _____

(f) In any post-conviction proceeding ____Pro Se____

(g) On appeal from adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No __Y__

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __Y__

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
NA

(b) And give date and length of sentence to be served in the future: _____
NA

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No __Y__

18. What date is this petition being mailed?

_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___7-8-05___ .
(Date)

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the __8th__ day of __July__ , __2005__ .

_____
Notary Public   NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES:  Mar 18, 2007

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____ .
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ , 19 _____ .

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

_____

 * If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

In The Circuit Court Of Montgomery County, Alabama

Marcel Austin,
            Petitioner,

vs.

State Of Alabama,
            Respondent,

CASE No.# 04-463

## Memorandum Of Support For Rule 32 A.R.C.P.

This Honorable Court has Jurisdiction Over the Above stated action and over the subject matter Jurisdiction pursuant Rules Of Criminal Procedures, Rule 32;

## Issues Presented For Review

1. The Court was Without Jurisdiction To Render The Judgement Or Impose The Sentence;

2. Conviction Obtained By Plea Of Guilty Which Was Unlawfully Induced Or Not Made Voluntarily With Understanding Of The Nature Of The Charge And Consequences Of The Plea;

3. Ineffective Assistance Of Counsel;

## Argument In Support Of Rule 32 Petition

The Petitioner Marcel Austin was indicted by a Grand Jury of Montgomery County Court in March 2004, For the offense of Reckless Murder, Where he did

AGREE to PLEAD GUILTY IN EXCHANGE FOR A SPLIT SENTANCE ON JUNE 21, 2004. On the date of SENTANCING AUGUST 6, 2004, the trial Court disREGARDED the NEGOTIATED PLEA, AND WAS About to impose SENTANCING. PETITIONER then Advised his trial counsel, that he wanted to withdraw his PLEA of GUILTY ENTERED ON JUNE 21, 2004. This withdrawal of PLEA of Guilty WAS IGNORED by the trial Court, AND then A GUN ENHANCEMENT WAS imposed Along with the RECKLESS MURDER CHARGE, AND PETITIONER WAS SENTANCED to (45)- FORTY-FIVE YEARS IN PRISON.

    The law has long been clear on the inJustice of this type of PROCEEDINGS, AND the PETITIONER WAS PREJudiced by the trial Courts Actions. Court's shall Allow the with- drawal of A PLEA of Guilty when NECESSARY to correct A MANIFEST inJUSTICE. Whether A defendant should be Allowed to withdraw A PLEA of GUILTY is A MATTER solely within the discretion of the trial Court, whose decision will Not be disturbed ON APPEAL ABSENT A SHOWING of ABUSE of that discretion, Ex PARTE HEATON, 542 So. 2d. 931 (Ala. 1989); REED-v-State, 691 So. 2d. 462 (Ala. Cr. App. 1996); Alford-v-State, 651 So. 2d. 1112 (Ala. Cr. App. 1994). The Courts of this STATE RECOGNIZE that A PLEA must be ENTERED... inTELLIGENTLY AND VOLUNTARILY, Tiller-v-State, 421 So. 2d. 1369 (Ala. Crim. App. 1978). The defendant must be inFORMED of the NATURE of the CHARGE AND the CONSEQUENCES of A

14

Guilty plea which is crucial to determining wheather the defendant made an intelligent and voluntarily waiver, see Chapman-v-State, 412 So.2d. 1276 ( Ala. Crim. App. 1982), Boykin -v- Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d. 274 (1969), delineated the controlling standard regarding the voluntariness of a plea entered by a defendant.

In an opinion, Justice Douglas stated;

[A] plea of guilty is more than a confession which admits that the accused did various acts, it is itself a conviction: Nothing remains but to give judgement and determine punishment... A plea of guilty is more than a confession of conduct: it is a conviction: Ignorance, incomprehension, coercion, terror, inducements, subtle or blatent threats might be a perfect cover-up of unconstitutionality, Boykin-v- Alabama Supra at 1712. Mr. Douglas indicated three federal constitutional Rights which would not only be infringed, but relinquished, when a defendant enters a guilty plea of guilty. First, the privilege against compulsory selfincrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth, (See Malloy-v-Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 2d. 653): Second, a defendant trial by Jury: (See Duncan-v-Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed. 2d. 491): Third, consists of a defendants right to

3.

Case 2:07-cv-00401-WKW-WC    Document 4-2    Filed 06/26/2007    Page 17 of 122

CONFRONT ONE'S ACCUSERS. (SEE POINTER-V-TEXAS, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d. 923):

In BOYKIN-V-STATE, 708 So.2d.210 (Ala.Crim.App. 1992), a CASE DIRECTLY ON POINT, THE APPELLANT ENTERED A GUILTY PLEA AND SENTENCING FOR ATTEMPTED MURDER.

THE PETITIONER FURTHER CONTENDS, THAT HE HAD NO PRIOR KNOWLEDGE THAT A GUN ENHANCEMENT WOULD BE MADE AT HIS SENTENCING PURSUANT TO §13A-5-6(A)(5), BUT THE TRIAL COURT JUDGE PROCEEDED WITH SUCH. THE Alabama Court of Criminal Appeals held: THE Alabama SUPREME Court AND THIS Court HAVE CONSISTANTLY HELD THAT A DEFENDANT MUST BE INFORMED OF THE MINIMUM AND MAXIMUM POSSIBLE SENTANCES AS AN ABSOLUTE CONSTITUTIONAL PREREQUISITE TO THE ACCEPTANCE OF A GUILTY PLEA, EX PARTE RIVERS, 597 So.2d. 1308, 1309, (Ala.1991). It is WELL SETTLED, MOREOVER, THAT IF THE APPELLANTS SENTANCE COULD BE ENHANCED UNDER ANY OF THE ENHANCEMENT STATUTES, THE APPELLANT SHOULD BE INFORMED OF THE ADDITIONAL SENTANCE HE COULD RECEIVE UNDER THE APPLICABLE ENHANCEMENT STATUTE, . . . Elrod-v-State, 629 So.2d.58,59, (Ala.Crim.App.1993) citing, RIVERS, Accord. White-v-State, 616 So.2d. 399 (Ala.Crim.App. 1993); Looney-v-State, 563 So.2d. 3,4, (Ala.Cr.App. 1989); Smith-v-State, 494 So.2d. 182 (Ala.Cr.App. 1986):

THE PETITIONER FURTHER ARGUES, THAT DUE TO THE lack OF DUE DILIGENCE AND INADEQUACY OF HIS COUNSEL OF RECORD FOR SENTENCING HEARING, COUNSEL WAS NOT PROPERLY

PREPARED AS HE HAD LED his client to believe that he was for this HEARING. THE DEFENSE COUNSEL has a duty to SEEK to determine All REVELENT facts KNOWN, but also has a duty to conduct a promet investigation of CIRCUMSTANCES of the CASE AND EXPLORE All AVENUES leading to facts REVELENT to Guilt and degrees of Guilt or PENALTY, Thompson-v-State, 444 So. 2d. 899 (Ala. Cr. App. 1984), citing, Baxter-v-State, 360 So. 2d. 64 (Ala. Cr. App. 1978).

In Conclusion, the Alabama Court of Criminal Appeals in the case of Brown-v-State, 810 So. 2d. 800 (Ala. Crim. App. 2000) citing, Pugh-v-State, 729 So. 2d. 359-360-61 (Ala. Crim. App. 1998), the court stated: That misinforming a defendant of a plea is ineffective, and that the performance of an attorney deficient and prejudicial when this occurs, see Hope-v-State, 476 So. 2d. 635 (Ala. Crim. App. 1985). State-v-Terry, 601 So. 2d. 161-163 (Ala. Crim. App. 1992); Furthenmore, the Court is bound by it's negotiated pleas, and is required to stand behind it's negotiations, wheather they be verbal or in writting, see Ex Parte Cassady, and Ex Parte Youbrough.

## Relief Sought

Petitioner ask this Honorable Court to set down a full evidentiary hearing on the facts in this petition, otherwise, there will be a miscarriage in Justice.

Respectfully Submitted,

Marcille Austin

Done this 3 day of August 2005;

5.

17

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA



MARCEL AUSTIN                    )
                                 )
          Plaintiff              )
                                 )
V.                               )          Case No. CC-04-463.60 CNP
                                 )
STATE OF ALABAMA,                )
                                 )
          Defendant              )

ORDER

This cause is before the court upon a motion by the State of Alabama requesting a

thirty day extension in filing an answer in response to the defendant's Rule 32 Petition.

It is herby ORDERED that the State of Alabama shall have thirty days from date

of September 15, 2005 to file an answer in response the defendant's rule 32 Petition.

DONE and ORDERED this the 15th day of September, 2005.

CHARLES N. PRICE
CIRCUIT JUDGE

CC:    Richard White

       Marcel Austin
       AIS # 236470
       Bullock Correctional Facility

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

MARCEL AUSTIN,            }
     Petitioner,         }
                       }
vs.                      }  Case No.    CC-04-463.60 CNP
                       }
STATE OF ALABAMA,     }
     Respondent.      }

## MOTION FOR ENLARGEMENT OF TIME

COMES NOW, the State of Alabama by and through its District Attorney for the

Fifteenth Judicial Circuit, Eleanor I. Brooks, and respectfully moves this Court, pursuant

to Rule 1.3(b) of the Alabama Rules of Criminal Procedure, for enlargement of thirty

days from September 15, 2005, within which to file its answer in this case. As grounds in

support of this motion the State would offer the following:

(1)    Counsel for the State has been preparing for a trial for the week of

        September 12, 2005.

(2)    Counsel for the State has not adequately reviewed the issues presented by

        the Petitioner.

(3)    The interest of justice and fairness and this Court's judicial function will

        best be served by granting the requested enlargement of time. Likewise,

        the Petitioner will not be prejudiced if the request for enlargement is

        granted.

Melissa Rittenour
Circuit Clerk
FILED
SEP 2005

WHEREFORE, the premises considered, the State of Alabama respectfully moves this Court for an enlargement of 30 days within which to file its answer, thus making the State's answer due on or before October 14, 2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

RICHARD WHITE
DEPUTY DISTRICT ATTORNEY
15TH JUDICIAL CIRCUIT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon the petitioner, Marcel Austin, by placing said copy of the same in the United States Mail, on this the 16th day of September, 2005, postage prepaid and properly addresses as follows:

Marcel Austin
AIS #236470
Bullock Correctional Facility
Union Springs, Alabama

Richard White
Deputy District Attorney
Fifteenth Judicial Circuit

20



IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

MARCEL AUSTIN,
Petitioner,

vs.                                          } Case No.    CC-04-463.60 CNP

STATE OF ALABAMA,
Respondent.                                  }

## <u>MOTION FOR ENLARGEMENT OF TIME</u>

COMES NOW, the State of Alabama by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and respectfully moves this Court, pursuant to Rule 1.3(b) of the Alabama Rules of Criminal Procedure, for enlargement of thirty days from October 14, 2005, within which to file its answer in this case. As grounds in support of this motion the State would offer the following:

(1)    Counsel for the State is awaiting plea and sentencing transcripts from Denise Gordon, court reporter, for Judge Charles Price.

(2)    Counsel for the State needs said transcripts in order to answer Petitioner's Rule 32 Petition.

(3)    The interest of justice and fairness and this Court's judicial function will best be served by granting the requested enlargement of time. Likewise, the Petitioner will not be prejudiced if the request for enlargement is granted.

WHEREFORE, the premises considered, the State of Alabama respectfully moves this Court for an enlargement of 30 days within which to file its answer, thus making the State's answer due on or before November 11, 2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

_____
RICHARD WHITE
DEPUTY DISTRICT ATTORNEY
15TH JUDICIAL CIRCUIT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon the petitioner, Marcel Austin, by placing said copy of the same in the United States Mail, on this the 14th day of October, 2005, postage prepaid and properly addresses as follows:

Marcel Austin
AIS #236470
Bullock Correctional Facility
Union Springs, Alabama

_____
Richard White
Deputy District Attorney
Fifteenth Judicial Circuit

IN THE CIRCUIT COURT FOR THE FIFTHTEENTH JUDICIAL CIRCUIT,
MONTGOMERY COUNTY, ALABAMA

MARCEL AUSTN,                          )
              Petitioner,              )
                                       )
       and                             )   Case No.: CC-04-463.60 CNP
                                       )
STATE OF ALABAMA,                      )
                                       )
              Respondent               )
                                       )
                                       )
_____        )

### **ORDER**

This matter is before the Court on the State's request for an extension of time to answer

petitioner's Rule 32 motion. The state filed said motion on October 14, 2005. The state's

motion is hereby GRANTED and the state is ORDERED to answer petitioner's said Rule 32

motion within thirty days.

DONE  this the 14th  day of October, 2005.

CHARLES PRICE
CIRCUIT JUDGE

CC:
Marcel Austin
AIS # 236470
Bullock Correctional Facility

Richard White, DDA



Order - 1



**IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT**
**MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| MARCEL AUSTIN,<br>Petitioner, | ) |
| | ) |
| v. | ) Case No.  CC-04-463.60-CNP |
| | ) |
| STATE OF ALABAMA,<br>Respondent. | ) |

## MOTION FOR ENLARGEMENT OF TIME

COMES NOW, the State of Alabama by and through its District Attorney for the

Fifteenth Judicial Circuit, Eleanor I. Brooks, and respectfully moves this Court, pursuant

to Rule 1.3(b) of the Alabama Rules of Criminal Procedure, for enlargement of time

within which to file its answer in this case. As grounds in support of this motion the State

would offer the following:

1. The State cannot fully address the issues raised in the petition without an
   opportunity to review the records of Petitioner's plea colloquy and his
   sentencing hearing.

2. The State has requested that the court reporter prepare these transcripts for
   review.

3. The State has not yet received its copies of these transcripts.

4. The interests of justice and fairness, as well as the Court's judicial
   function, will be best served by granting the requested enlargement of
   time.

5. The Petitioner will not be prejudiced if the request for enlargement is
   granted.

WHEREFORE, the premises considered, the State of Alabama respectfully

requests an enlargement of time for 30 days from the date on which it receives the

requested transcripts within which to file its answer.

Respectfully submitted, this the  14  day of  November  2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Michael Dean
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the above and the foregoing has been served upon the Petitioner, by placing a copy of the same in the U.S. Mail, first-class postage prepaid and properly addressed to him at AIS# 236470, Bullock Correctional Facility, P.O. Box 5107, Union Springs, AL 36089.

Done this the  14  day of  November  2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Michael Dean
Deputy District Attorney

Montgomery County District Attorney
100 South Lawrence Street
Montgomery, AL 36104
(334) 832-2550

**In The Circuit Court of Montgomery County, Alabama**

| Marcelle Austin | |
| Petitioner, | |

Vs.                          | **Case No.CC-04-463.60**

State of Alabama | |
Respondent | |

### Petitioner's Opposition To Enlargement of Time

Comes now the petitioner Marcelle Austin, and brings this his opposition to another enlargement of time asked for by the Deputy District Attorney Michael Dean, and show the following reasons to wit;

1. On September 15,2005, an order was granted for an enlargement of time for 30 days;
2. On October 14,2005, an order was granted for an enlargement of time for 30 days;
3. Now on November 14, 2005, another enlargement of time has been entered by Michael Dean (Deputy District Attorney) but the order has not been signed by Judge Tracy S. Mcooey for the enlargement of 30 days.

Petitioner submits that this is the 3rd enlargement of time that has been entered in this proceeding on the grounds presented in his Rule-32-Petition and it amounts to a delay in justice by the District Attorney's office in this cause of action

Wherefore premises considered, petitioner prays that this Honorable Court will order the District Attorney's office to respond to the issues of his petition otherwise there will be a miscarriage in justice.

### Certificate of Service

I hereby certify a copy of the foregoing has been served on all intended interested parties, by placing a copy of the same in the United States Mail, postage prepaid and addressed to

Clerk of Montgomery County Court
PO Box 167
Montgomery, Al 36102
and
Deputy District Attorney
Michael Dean
100 South Lawrence Street
Montgomery, Al 36104

Done this _2_ day of _Dec_ 2005

Respectfully submitted

_Marcelle Austin_

26

CNP

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| MARCEL AUSTIN, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.  CC-04-463.60-C |
| | ) |
| STATE OF ALABAMA, | ) |
| Respondent. | ) |

DEC 2005
Filed
Melissa _____
Circuit Clerk

## STATE'S ANSWER TO PETITION FOR RELIEF
## FROM CONVICTION OR SENTENCE

**COMES NOW** the State of Alabama, by and through its District Attorney for the

Fifteenth Judicial Circuit, Eleanor I. Brooks, and submits the following answer to the Petitioner's

Rule 32 Petition filed on, or about, August 3, 2005.

### Procedural Background

1. The Petitioner was indicted by the Montgomery County Grand Jury in March 2004 for the offense of Murder.

2. The Petitioner entered a plea of guilty to the indictment on June 21, 2004.

3. On August 6, 2004, the Petitioner was sentenced to forty-five years imprisonment.

4. On August 16, 2004, counsel for the Petitioner filed a Motion to Reconsider Sentence. (State's Exhibit G). This Motion was denied on August 18, 2004. (State's Exhibit H).

5. On September 14, 2004, the Petitioner, acting pro se, filed a Motion to Reconsider requesting that his sentence be amended. (State's Exhibit C).

6. On September 29, 2004, the Petitioner filed a Motion to Withdraw Plea. (State's Exhibit B). This Motion was denied on October 12, 2004. (State's Exhibit D). The Defendant appealed this ruling, and the Court of Criminal Appeals dismissed this appeal. (Case No. CR-03-2078; Certificate of Judgment dated November 10, 2004) (State's Exhibit E).

7. The Petitioner filed the present Rule 32 petition on, or about, August 3, 2005.

### Alleged Grounds for Relief

1

As a basis for this petition, the Petitioner alleges the following:

1. The Trial Court was without jurisdiction to render judgment or impose sentence.

2. The Petitioner's guilty plea was unlawfully induced or not voluntarily made.

3. The Petitioner was denied effective assistance of counsel.

### Burden of Pleading

Rule 32.6(b) <u>Ala. R. Crim. P.</u>, requires that the petition contain a "clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." <u>Ala. R. Crim. P.</u> 32.6(b). The petition must support every element of the claim with factual allegations. <u>Dean v. State</u>, 570 So. 2d 890 (Ala. Crim. App. 1990). The Petitioner has "the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle him to relief." <u>Ala. R. Crim. P.</u> 32.3. When a petitioner fails to offer a set of facts upon which relief may be sought, the Court may dismiss the petition. <u>Lockett v. State</u>, 644 So. 2d 34 (Ala. 1994). <u>See also</u> <u>Young v. State</u>, 557 So. 2d 141 (Ala. 1995). <u>See also</u> <u>Davis v. State</u>, 720 So. 2d 1006 (Ala. Crim. App. 1998).

### Argument

The State of Alabama denies each and every allegation made by the Petitioner. The State further offers the following:

**1. The Petitioner's claim that the Court was without jurisdiction to render judgment or impose sentence is without merit and due to be denied.**

In his petition, the Petitioner alleges that the Court was without jurisdiction to render judgment or impose sentence in this case. (P. at 1). However, the Petitioner fails to offer anything more than a bare suggestion that a jurisdictional defect exists. The Petitioner does, in

2

the course of arguing his other claims, cite to <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969). (P. at 3).

However, a <u>Boykin</u> issue is not jurisdictional in nature. <u>Catchings v. State</u>, 684 So. 2d 168, 169

(Ala. Crim. App. 1995). Thus, even if the Petitioner's <u>Boykin</u> argument had merit, it fails to raise

a true jurisdictional claim. The Petitioner has failed to meet his burden on this claim.

Accordingly, this claim is due to be denied.

### 2.  The Petitioner's claim that his guilty plea was unlawfully induced or the product of undue influence is without merit.

The Petitioner also claims that his guilty plea was "unlawfully induced or not made

voluntarily." (P. at 1). As a basis for this claim, the Petitioner states that he pleaded guilty in

exchange for a split sentence. (P. at 1-2). The Petitioner claims that, on the day of sentencing, the

Court disregarded the plea agreement, and was about to impose sentence when the Petitioner

advised counsel that he wished to withdraw his plea. (P. at 2). The Petitioner claims that this

request was ignored by the Court. (P. at 2). At sentencing, the State invoked the firearm

enhancement, pursuant to <u>Ala. Code</u> §13A-5-6. The Petitioner claims that he "had no prior

knowledge" that the gun enhancement would be invoked at sentencing. (P. at 4). He claims this

fact deprived him of the opportunity to enter a knowing and intelligent plea because he was not

properly informed of the minimum and maximum potential sentences. (P. at 4).

The Petitioner is correct when he claims there was originally a deal in this case between

himself and the State. However, the Petitioner has misstated what that deal was. Ms. Aimee

Smith, one of the attorneys for the Petitioner, did speak with the Montgomery Police Department

on the Petitioner's behalf "in an effort to have the charge indicted for less than Capital Murder,"

the offense for which the Petitioner was originally charged. (State's Exhibit I). According to Ms.

Smith, the Petitioner gave a statement regarding his involvement, but was not forthcoming in his

statement. (State's Exhibit I). The police, through Deputy District Attorney Carol Boone, did ask

the Petitioner for information about another case. (State's Exhibit I). Ms. Smith states that she was seeking a charge of Manslaughter, and that the police were willing to consider Murder. (State's Exhibit I). The subsequent agreement between the Petitioner and the State was that, if the Petitioner provided information about this other case, and this information could be corroborated by another individual, then the State would *consider standing silent* at the Petitioner's sentencing, and *not opposing* a recommendation of a reverse split. (State's Exhibit I). The State did not agree to a split sentence. Nor did Ms. Smith promise the Petitioner that he would get a split sentence. (State's Exhibit I). The Petitioner did provide a statement to the police. He was indicted for Murder. However, the information given by the Petitioner could not be supported by another witness, as required by the agreement, and the "sentencing portion of the deal fell through." (State's Exhibit I). Ms. Smith also states in her affidavit that she spoke with victim representatives who were willing to accept or support the sentence the Court deemed appropriate. (State's Exhibit I). However, the support for, or acceptance of, a split sentence by a victim's representative hardly creates a sentencing agreement between a defendant and the State. Moreover, to the extent that there was an agreement between the Petitioner and the State, that agreement was only that the State would consider standing silent at sentencing and not opposing a reverse split sentence. (State's Exhibit I). There is no evidence in the transcripts of either the Petitioner's plea colloquy or sentencing hearing thing or in Ms. Smith's affidavit to indicate that there was ever an agreement between the Petitioner and the State for a split sentence. (State's Exhibits A and I).

Ultimately, there is only the Petitioner's word that there was an agreement for a split sentence and Ms. Smith's affidavit which states the agreement was only that the State agreed to consider standing silent and withholding opposition to a reverse split sentence under the

aforementioned agreement. It should again be noted that the Petitioner failed to abide by the terms of the agreement he did have with the State. As Ms. Smith states in her affidavit, if the agreement had been completed, or if there had been any further agreement, it would have been written on the back of the Explanation of Rights and Plea of Guilty Form, and the Court would have been informed of the agreement on the record. (State's Exhibit I). There is no mention of any agreement in either the transcript of the Petitioner's plea colloquy or sentencing hearing, nor is there any indication of the existence of a completed, or new, deal between the Petitioner and the State. (State's Exhibits A and F). The Petitioner failed to live up to the bargain he did have with the State. Therefore, he is not entitled to the benefits of that bargain, let alone the benefits of an agreement that was never made.

In addition, there is nothing in the transcript of the Petitioner's sentencing hearing to show that the Petitioner ever requested to withdraw his guilty plea. If there had been a legitimate, fulfilled agreement between the State and the Petitioner, and the Court did not follow that agreement, the Petitioner would have the right to withdraw his guilty plea upon filing a timely motion to withdraw the plea. English v. State, 325 So. 2d 211, 215 (Ala. Crim. App. 1975). Ms. Smith and Mr. Keith did offer the Petitioner the opportunity to withdraw his guilty plea on more than one occasion, and he refused. (State's Exhibit I). The Petitioner did file an *untimely* motion to withdraw his guilty plea almost two months after sentencing, after Mr. Keith and Ms. Smith had been allowed to withdraw from this case. (State's Exhibit B). In this motion, and in a Motion for Reconsideration, also untimely filed by the Petitioner, the Petitioner claimed there was a sentencing agreement between himself and the State whereby he would receive a split sentence. (State's Exhibits B & C). The Motion to Withdraw the Plea was denied (State's Exhibit D), and the Petitioner's appeal of that ruling was dismissed by the Court of Criminal Appeals as no

5

issues were preserve for appeal and no motion for new trial or to withdraw the plea was timely filed. (State's Exhibit E). The Motion to Reconsider was also denied by this Court. (State's Exhibit H). Aside from the two untimely claims made by the Petitioner himself, as well as the present petition, there is no evidence that there was ever an agreement between the Petitioner and the State as to what sentence he would receive. At best, the State agreed to consider standing silent and withholding opposition of a reverse split sentence. This was conditioned upon the Petitioner providing verifiable information about another case; something the Petitioner did not do. The Petitioner was not entitled to have the State follow the terms of the agreement that did exist, nor was he entitled to be sentenced under any other agreement which the Petitioner claims existed.

The Petitioner's claim that he was not aware of the applicability of the firearm enhancement and the range of punishment for this offense is without merit. The Petitioner's claim that he was not made aware that the firearm enhancement would be invoked, thus depriving him of full knowledge of the sentencing range available to the Court, is false. When the Petitioner entered his plea, he signed an Explanation of Rights and Plea of Guilty form. (State's Exhibit F). On the portion of this form which explains the applicability of the firearm enhancement to this case, the box is checked and circled. This paragraph explains that the minimum range of punishment is 20 years for a Class A felony (such as Murder) when the enhancement is applied. The Petitioner signed the back page of the form, indicating that the form had been explained to him and that he understood the information contained in the form. (State's Exhibit F). In addition, the Court explained to the Petitioner that his sentence could be enhanced if a firearm were used during the commission of the offense. (State's Exhibit A at 8). When asked if he understood this, the Petitioner responded, "Yes, sir." (State's Exhibit A at 8). In any

event, the State has no discretion as to whether or not to invoke the weapons enhancement. Simmons v. State, 675 So. 2d 79, 81 (Ala. Crim. App. 1995). Thus, the State could not have agreed not to invoke this enhancement.

Moreover, the Explanation of Rights and Plea of Guilty form also listed the maximum range of punishment the Petitioner faced for this offense, 99 years or life. (State's Exhibit F). Again, this information is circled, and the back of the form is signed by the Petitioner. (State's Exhibit F). The Court also explained the maximum range of punishment for this offense to the Petitioner, and the Petitioner stated he understood the Court's explanation. (State's Exhibit A at 6). In addition, the Court found that the plea was entered knowingly and voluntarily. (State's Exhibit A at 16).

There is no affirmative evidence, other than the Petitioner's own statements, that there was a plea agreement between the Petitioner and the State whereby he would receive a split sentence, much less an agreement made known to, and accepted by, the Court. In fact, Ms. Smith's affidavit directly contradicts the Petitioner's claim. There is no evidence the Petitioner ever informed the Court of any plea agreement prior to, or during, his plea or sentencing hearing. There is no evidence that the Petitioner ever attempted to withdraw his plea until the Motion to Withdraw Plea, which was filed almost two months after the Petitioner was sentenced. (State's Exhibit B). This motion was addressed to this Court, and it was denied.

On at least two occasions, The Petitioner was made aware of the range of punishment for this offense, as well as the fact that the firearm enhancement would be applicable at sentencing. The Petitioner was informed of these facts from the Explanation of Rights and Plea of Guilty form and the Court itself. The Petitioner indicated that he was aware of, and that he understood, the sentencing range, with the firearm enhancement, both by his signature on the Explanation of

Rights and Plea of Guilty form and his statements to the Court. The Petitioner cannot now claim ignorance of these issues.

Because the Petitioner failed to abide by the terms of his agreement with the State he is not entitled to the benefit of the agreement, nor should he expect to be. Moreover, the agreement was not that the Petitioner would receive a split sentence, it was only that the State would consider standing silent and not opposing a reverse split sentence. These facts, coupled with the fact that the Petitioner was informed of the applicability of the firearm enhancement, and the fact that the Petitioner was fully informed of the minimum and maximum ranges of punishment for this offense, clearly show that the Petitioner's claim is without merit. While the Petitioner has offered the existence of facts that may, if true, entitle him to relief, the State would ask that the Court forego an evidentiary hearing, accept Ms. Smith's affidavit as evidence pursuant to Rule 32.9(a), Ala. R. Crim. P., and consider this evidence, the exhibits offered by the State, and the Court's own records and deny the petition.

3. **The Petitioner's claims that he was denied ineffective assistance of counsel is without merit and should be denied.**

In his petition, the Petitioner claims that his attorneys, Mr. Richard Keith and Ms. Aimee Smith, were ineffective. (P. at 1). To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that he was prejudiced by that deficient performance. Strickland v. Washington, 466 U.S. 668 (1984). When the Court is reviewing a claim of ineffective assistance of counsel, it must indulge a strong presumption that counsel's conduct was appropriate and reasonable. In Strickland, the United States Supreme Court said,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining

counsel's defense after it has proved unsuccessful, to conclude that a particular act, or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct fall within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

Strickland, 466 U.S. at 689 (internal citations omitted). "Counsel's conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct." Ex parte Baldwin, 456 So. 2d 129, 134 (Ala. 1984), aff'd, 472 U.S. 373 (1985).

Even if deficient performance is proven, a showing of prejudice is also required. Prejudice is proven only when there "exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Burnett v. State, 651 So. 2d 57, 58 (Ala. Crim. App. 1994) (citing Strickland, 466 U.S. at 694). A claimant must show that "but for" counsel's deficient performance the results of the proceedings would have been different. Howard v. State, 551 So. 2d 1155, 1158 (Ala. Crim. App. 1989). To prove prejudice, the alleged errors of counsel must upset the adversarial balance between defense and prosecution so much so that the outcome of the case is rendered unfair. See Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (citing Kimmelan v. Morrison, 477 U.S. 365, 374 (1986)). In addition to the showing required by Strickland, the Petitioner also must show that "but for counsel's errors, he would not have pleaded guilty but would have insisted on proceeding to trial." Pugh v. State, 729 So. 2d 359, 360 (Ala. Crim. App. 1998) (citing Hill v. Lockhart, 474 U.S. 52 (1985)).

The Petitioner alleges that counsel was ineffective because they were not prepared in that they did not conduct an investigation of the case or explore all the facts relevant to guilt and punishment. (P. at 5). The Petitioner claims he was not informed of the minimum and maximum ranges of punishment, including the applicability of the firearm enhancement. (P. at 2-4). The Petitioner concludes by claiming that, because he was misinformed before he entered his plea, he was denied effective assistance of counsel. (P. at 5).

To support the proposition that he was denied effective assistance of counsel because he was misinformed, the Petitioner cites to <u>Brown v. State</u>, 810 So. 2d 800 (Ala. Crim. App. 2000), which in turn cited <u>Pugh</u>, 729 So. 2d 359. However, the Petitioner misreads these cases. In <u>Brown</u>, the petitioner claimed his counsel was ineffective because counsel misinformed Brown about whether or not Brown would receive credit for "good-time" on his sentence. <u>Brown</u>, 810 So. 2d at 801. The Court of Criminal Appeals ruled that *because the State did not refute Brown's claim*, it must be taken as true. <u>Id.</u> (emphasis added). Accordingly, the Petitioner was entitled to a hearing on his claim. <u>Id.</u> A similar situation occurred in <u>Pugh</u>, where the petitioner claimed his attorney was ineffective because the attorney told Pugh that he would be eligible for good time and that he would serve no more than 65 months. <u>Pugh</u>, 729 So. 2d at 360. Again, the State did not refute this claim, and the Court of Criminal Appeals determined that Pugh was entitled to consideration of the merits of his claim. <u>Id.</u> at 360-61.

However, this case is unlike the situations presented in <u>Brown</u> and <u>Pugh</u> in that the Petitioner was informed by counsel of the maximum and minimum ranges of punishment for his offense, including the applicability of the firearm enhancement. The Petitioner acknowledged that he understood the range of punishment and the applicability of the firearm enhancement when he signed the Explanation of Rights and Plea of Guilty form. (State's Exhibit F). The

10

Petitioner again acknowledged, directly addressing the Court, that he understood the potential sentences he was facing. (State's Exhibit A). The Petitioner cannot twice say he understands the range of punishment and then, when he does not like the sentence imposed, claim he did not understand. It should also be clear that, unlike the <u>Brown</u> and <u>Pugh</u> cases, the State is refuting the Petitioner's claim.

As noted above, the Petitioner was informed of the sentencing range in this case, including the applicability of the firearm enhancement. He acknowledged that he was satisfied with his attorneys' representation in writing on the Explanation of Rights and Plea of Guilty form, and he made that same representation directly to the Court. The Petitioner, after he was sentenced, through a representative, continued to seek Ms. Smith's assistance with his case. (State's Exhibit I). Moreover, Ms. Smith, after the Court pronounced sentence, argued for a lesser sentence. (State's Exhibit A at 23-25). Ms. Smith also filed a timely Motion to Reconsider Sentence on August 16, 2004. (State's Exhibit G). She and Mr. Keith offered the Petitioner the opportunity to withdraw his guilty plea. (State's Exhibit I). They made this offer on multiple occasions, and the Petitioner refused. (State's Exhibit I). There is no actual evidence, other than the Petitioner's claim itself, that either Ms. Smith or Mr. Keith were ineffective in their representation.

While derogating his attorneys for their lack of investigation, the Petitioner fails to mention that multiple witnesses observed him commit the offense. Nor does he mention that he was originally charged with Capital Murder, but was ultimately indicted for Murder, thanks in part to the efforts of Ms. Smith. (See State's Exhibit I). It was not an unreasonable, never mind faulty, decision on the part of the Petitioner to enter a plea of guilty. He was, after all, sentenced to only forty-five years imprisonment, when he very well could have received life imprisonment.

11

It should also be noted that the Petitioner did fail to follow counsel's advice by not showing remorse. (State's Exhibit I). He also claimed the existence of facts not supported by evidence. (State's Exhibit I). Surely, these actions did not help the Petitioner's cause. Counsel worked to have the charges against the Petitioner lessened. The Petitioner was indicted for a lesser offense than the Capital Murder with which he was originally charged. Counsel worked to make a deal between the Petitioner and the State. The Petitioner failed to meet his obligations under the agreement. Counsel cannot be blamed for that. Counsel argued for a lesser sentence than the one imposed. Counsel offered the Petitioner the opportunity to withdraw his plea. The Petitioner refused. Counsel cannot be blamed for that. Counsel filed a motion asking the Court to reconsider its sentence. Counsel was not ineffective. The Petitioner failed himself by not fulfilling the terms of the agreement. He failed himself by not listening to his attorneys. He failed himself by committing this offense. He cannot blame others for these failures.

There is no actual proof, other than the Petitioner's word, that he would not have pleaded guilty if not for the "failure" of his attorneys. It is easy to claim to claim ineffective assistance of counsel when one is unhappy with the result of his case. However, during the times when he entered his guilty plea and was sentenced, the Petitioner never made his "dissatisfaction" with his attorneys known to the Court. He continued to seek Ms. Smith's assistance after sentencing, through a representative. (State's Exhibit I). Only now, after receiving a sentence he finds unfavorable, does the Petitioner claim he was wronged.

Mr. Keith and Ms. Smith were not ineffective. The evidence before the Court should support that. The Petitioner indicated to the Court on more than one occasion that he understood the sentencing range, including the applicability of the firearm enhancement. He was clearly informed of his situation, although he persists in claiming his ignorance in order to blame others

for the consequences of his actions. Furthermore, there is no outside evidence that there was an agreement made between the State and the Petitioner whereby he would receive a split sentence. The only agreement, the agreement the Petitioner failed to follow, was that the State would *consider* standing silent and not opposing a reverse split sentence in return for verifiable information about another investigation. There is no actual evidence, other than the Petitioner's word, that he told his attorneys he wished to withdraw his guilty plea. In fact, Ms. Smith states in her affidavit that the Petitioner chose not to withdraw his guilty plea. There seems to be no actual proof that counsel was ineffective and that ineffectiveness led the Petitioner to enter a guilty plea when he would not have done so otherwise. In fact, the evidence, by way of the Court's records, the transcripts, and Ms. Smith's affidavit, indicates that the Petitioner benefited from Mr. Keith's and Ms. Smith's representation.

This claim is without merit, and while the Petitioner has offered the existence of facts that may, if true, entitle him to relief, the State would ask that the Court forego an evidentiary hearing, accept Ms. Smith's affidavit as evidence pursuant to Rule 32.9(a), <u>Ala. R. Crim. P.</u>, and consider this evidence, the exhibits offered by the State, and the Court's own records and deny the petition.

### <u>Conclusion</u>

For the foregoing reasons, the Petitioner is not entitled to relief on his claim that the Court lacked jurisdiction to render judgment or impose sentence. The State also refutes the Petitioner's remaining claims, and it requests that the Court forego an evidentiary hearing and deny the Petitioner's claims based on the affidavit submitted by Ms. Smith and the Court's own records. In the alternative, the State would request that the jurisdictional claim be denied, and that the Petitioner be brought forth to prove his remaining claims.

Respectfully submitted on this the _22_ day of _December_, 2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Michael Dean
Deputy District Attorney

14

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served upon the Petitioner, by placing a copy of the same in the U.S. Mail, first-class postage prepaid and properly addressed to him at AIS# 236470, Bullock Correctional Facility, P.O. Box 5107, Union Springs, Alabama 36089-5107.

DONE, this the _____ day of _____, 2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Michael Dean
Deputy District Attorney

ADDRESS OF COUNSEL:

Montgomery County District Attorney
100 South Lawrence Street
Montgomery, AL 36104
(334) 832-2550

15

# EXHIBIT

# A

IN THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR MONTGOMERY COUNTY
MONTGOMERY, ALABAMA


STATE OF ALABAMA )
)
vs. )      CC-2004-463-PR
)
MARCEL AUSTIN, )
)
                  Defendant. )



TRANSCRIPT OF CHANGE OF PLEA HEARING
MONDAY, JUNE 21, 2004

TRANSCRIPT OF SENTENCING HEARING
FRIDAY, AUGUST 6, 2004
COURTROOM 4-C
BEFORE THE HONORABLE CHARLES PRICE
PRESIDING CIRCUIT COURT JUDGE




APPEARANCES:

For the State:          VERNETTA PERKINS
                        Deputy District Attorney
                        Fifteenth Judicial Circuit
                        Montgomery, Alabama


For the Defendant:      RICHARD KEITH
                        AIMEE SMITH
                        Attorneys at Law
                        Montgomery, Alabama



Denise L. Gordon
Official Court Reporter
(334) 832-1330

1          (The following proceedings occurred

2          before the Honorable Charles Price,

3          Presiding Circuit Court Judge, in regard

4          to the above-styled cause, commencing on

5          Monday, June 21, 2004:)

6     THE COURT:  Marcel Austin.

7     Are you Marcel Austin?

8     THE DEFENDANT:  Yes, sir.

9     THE COURT:  Have a seat.

10    Where is Keith and Aimee?

11          (There was a pause in the proceedings.)

12    THE COURT:  Y'all come on out.

13    First of all, Mr. Keith, y'all do know about

14    the dress code, and know that your client is not

15    dressed properly to be in court this morning.  But

16    since there's not a big audience in the

17    courthouse -- courtroom, I'll go ahead and take

18    this plea.  Okay?

19    MR. KEITH:  Yes, sir.

20    MS. SMITH:  Your Honor, if you would excuse

21    our client, he's coming from work.

22    THE COURT:  Well, I don't care where he was

23    coming from.  It's not according to the dress

24    code.  Y'all know that.  And under normal

25    circumstances, I would send him back home to

1    change.  But since there are no spectators outside

2    of this case in the courtroom, I'll go ahead and

3    take the plea.

4        MR. KEITH:  We apologize to the Court, Your

5    Honor.

6        THE COURT:  All right.  You are Marcel

7    Austin; is that right?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  Case Number 04-66 -- 463.  You're

10   charged with reckless murder.  Do you know what

11   you're charged with?

12       THE DEFENDANT:  Yes, sir.

13       THE COURT:  It's a Class A felony.  Do you

14   understand you do not have to plead guilty in this

15   case unless you want to?

16         (No response.)

17       THE COURT:  Do you understand that?

18       THE DEFENDANT:  Yes, sir.

19       THE COURT:  You've got to speak up so she

20   can --

21       THE DEFENDANT:  Yes, sir.

22       THE COURT:  Do you understand you have a

23   right to a trial by jury?  Do you understand that?

24       THE DEFENDANT:  Yes, sir.

25       THE COURT:  Do you understand if you waive a

1    jury trial and I accept that waiver, you have a

2    right to a trial before me without a jury?  Do you

3    understand that?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  Do you understand if the State

6    brings witnesses in to testify against you, you

7    have a right to cross-examine those witnesses

8    through your lawyer?  Do you understand?

9         THE DEFENDANT:  Yes, sir.

10        THE COURT:  If you have any witnesses you

11   want to testify on your behalf, you have a right

12   to subpoena those witnesses through the clerk's

13   office or the court without any charge to

14   yourself; do you understand that?

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  At sometime he entered a plea of

17   not guilty; is that correct?

18        MR. KEITH:  Correct, Your Honor.

19        THE COURT:  Do you know what date that was?

20        MR. KEITH:  Let me check, Judge.

21        THE COURT:  Check just for the record.  Did

22   you file a waiver -- a plea form?

23        MS. SMITH:  I'm pretty sure we did file that;

24   I just don't have it, Judge.

25        THE COURT:  Well, for the purpose of the

1    record, prior to taking this plea, he entered a

2    plea of not guilty; is that correct, and then

3    changed it to guilty?

4        MR. KEITH:  We would change his plea from not

5    guilty to guilty, Your Honor.

6        THE COURT:  He entered a plea of not guilty,

7    then changed his plea to guilty.

8        Do you understand that if you have a trial,

9    it would be an open trial; that is, the public can

10   come in and watch the trial?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  Do you understand that under the

13   Rules of Court that your lawyer has the right to

14   subpoena certain discovery documents and

15   information from the State?  The state likewise

16   has the right to subpoena certain documents from

17   your lawyer; do you understand that?

18       THE DEFENDANT:  Yes, sir.

19       THE COURT:  Do you understand that you come

20   into court presumed to be innocent; that

21   presumption stays with you up until the State

22   meets its burden of proving your guilt beyond a

23   reasonable doubt?  Do you understand?

24       THE DEFENDANT:  Yes, sir.

25       THE COURT:  Do you understand that reckless

1    murder is a Class A felony, and if you plead

2    guilty, that I'll be authorized to sentence you to

3    not less than 10 years up to 99 years or life in

4    the penitentiary, plus a fine not exceeding

5    $20,000?  Do you understand?

6         THE DEFENDANT:  Yes, sir.

7         THE COURT:  If you have one prior felony,

8    your minimum sentence will be 15 to 99 years or

9    life up to a $20,000-fine;

10        Two prior felonies, your sentence will be

11   life in the penitentiary, or any sentence not less

12   than 20 years, up to a $20,000-fine.  Do you

13   understand that?

14        THE DEFENDANT:  Yes, sir.

15        THE COURT:  Three or more prior felonies and

16   one of the prior felonies was a Class A felony,

17   your sentence will be life in the penitentiary

18   without the possibility of parole.  Do you

19   understand that?

20        THE DEFENDANT:  Yes, sir

21        THE COURT:  Plus a fine not exceeding

22   $20,000.  Do you understand that?

23        THE DEFENDANT:  Yes, sir.

24        THE COURT:  Speak up.

25        THE DEFENDANT:  Yes, sir.

```
 1          THE COURT:  Do you understand I must order

 2    you to pay an amount between $50 up to $10,000 to

 3    the Alabama Crime Victim Compensation Fund; order

 4    you to pay restitution of court costs and

 5    attorney's fees.  Do you understand?

 6          THE DEFENDANT:  Yes, sir.

 7          THE COURT:  Now, I have before me what is

 8    called Exhibit A, and ask you is that your

 9    signature on that form?  Look at it.

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Okay.  Did you go over the

12    contents of this form with your lawyer before you

13    signed it?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  I see a circle is drawn on the

16    form.  Is that what the lawyers went over with you

17    on the form?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you have any questions about

20    what's on the form?

21          THE DEFENDANT:  No, sir.

22          THE COURT:  Now, the Court appointed Mr.

23    Keith and Ms. Smith to represent you.  Are you

24    satisfied with their representation?

25          THE DEFENDANT:  Yes, sir.
```

```
1        THE COURT:  Do you understand that if -- I

2   said the minimum sentence was 10 years, but if a

3   firearm was used, your sentence will be enhanced

4   pursuant to the Alabama Habitual Offender's Act,

5   enhancement law, a minimum of 20 years.  Do you

6   understand that?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  All right.  Now, has anyone

9   forced you to get you to come in here and say that

10  you're guilty?

11       THE DEFENDANT:  No, sir.

12       THE COURT:  Raise your right hand.

13            (The defendant was duly sworn by the

14            Court.)

15       THE COURT:  How do you plead to reckless

16  murder?

17       THE DEFENDANT:  Guilty.

18       THE COURT:  Tell me what you did.  Take your

19  hand down.  Tell me what you did.

20       THE DEFENDANT:  Tell you what happened?

21       THE COURT:  Yes.

22       THE DEFENDANT:  Well, some guys had -- they

23  broke in my house and broke in my room probably

24  about -- I think about 5 days before all of this

25  happened.  Barnaby Harold and some more guys.  I
```

1     don't know the other guys' names.  So --

2          THE COURT:  Where were you living?

3          THE DEFENDANT:  On Fourth Street.

4          THE COURT:  Forest Street?

5          THE DEFENDANT:  Fourth street.

6          THE COURT:  Fourth Street.

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  In your own apartment, own house

9 or what?

10         THE DEFENDANT:  House.

11         THE COURT:  Living by yourself?

12         THE DEFENDANT:  I had a girlfriend.

13         THE COURT:  Okay.  Go ahead.

14         THE DEFENDANT:  And what they had -- they had

15 broke in the room, and then -- so I tried -- I

16 called the police there, and they told me that I

17 had to -- I had to know where he stayed, you know,

18 in order to sign a warrant.  So they left -- they

19 left then.

20    And so I went to the girlfriend house and had

21 her to call him and see --

22         THE COURT:  Call who?  Who are we talking

23 about?

24         THE DEFENDANT:  His girlfriend?

25         THE COURT:  Who is he?

1              THE DEFENDANT:  Barnaby  Adams.

2              THE COURT:  Barnaby Adams?

3              THE DEFENDANT:  Adams.

4         And I went over to her house.  Her name

5     Monica.  I went over to her house.

6              THE COURT:  How do you know Adams broke into

7     your room or your house?

8              THE DEFENDANT:  Because he had came there.

9     But I wasn't sure.  I went to ask him, you know.

10    I went to ask him.

11        And so when I went there, she say he wasn't

12    there.  So she called him on the phone.

13             THE COURT:  Did you know him prior to this

14    time?

15             THE DEFENDANT:  From around.

16             THE COURT:  Okay.

17             THE DEFENDANT:  And so I went to -- I went to

18    her house.  And she told me that she -- so she

19    called him on the phone.  And I asked him, did you

20    break in the room -- I mean, in the house.  And he

21    said, no, but since I'm telling his girl I did,

22    he's going to get me anyway.  You know what I

23    mean?  He said that --

24             THE COURT:  Why would he want to get you?

25             THE DEFENDANT:  Because I used to fool with

Case 2:07-cv-00491-WKW-WC    Document 4-2    Filed 06/26/2007    Page 54 of 122

1   the same girl.

2        THE COURT:  All right.  So the same girl that

3   he was dating at the time, you used to date her?

4        THE DEFENDANT:  No, this was about 3 or 4

5   years ago.

6        THE COURT:  I understand.

7        THE DEFENDANT:  But I think he heard about

8   it.

9        THE COURT:  Okay.

10       THE DEFENDANT:  So I think that's what was

11  causing the animosity between him.  But I didn't

12  know because he still use to come around.  You

13  know, so I wasn't aware.

14       And so -- and then that was pretty much the

15  end of it.  So I went back -- I went back to the

16  house and called the police again, you know, to

17  tell them about her house.  You know what I mean?

18  He stayed there.  And so they said that they would

19  check on it.  So that was -- that was pretty much

20  the end of it right there.

21       So I think this was the 5th.  This was the

22  5th.  So people just was saying that he was

23  saying, you know, if he see me, you know, how that

24  it was going to be whatever.

25       THE COURT:  What do you mean, *whatever*?

1    THE DEFENDANT: I guess, you know, it was

2    going to be we fight or whatever, however, you

3    know.

4    So, I went -- I think this was the 5th. So I

5    got a call that my car was broke down. Well, my

6    girlfriend car broke down on Oak Street. So I

7    went there probably about 6, about 6:30.

8    THE COURT: In the afternoon?

9    THE DEFENDANT: I think about 6 o'clock in

10    the evening. I think it was about six in the

11    evening. And Jimmy Chandler had my car. He

12    called me to see what was wrong with it. So we

13    went and got the man and cranked the car up. And

14    I was supposed to have been going around to

15    Princess Bass' house on Lincoln and Terry. That's

16    where it happened at.

17    And so me and Jimmy Chandler went around

18    there. We called him. We were going around

19    there. And so when we pulled up -- when we pulled

20    up in the street, I heard somebody say, you know,

21    There they go.

22    Then, you know, I tried to stop -- I tried to

23    park the car. That's when I saw Barnaby Adams.

24    And, you know, he shot the first time. So I was

25    trying to stop the car because the car still was

1  in gear.  So I jumped out, and I started shooting

2  back.

3       THE COURT:  Well, now, he shot at you first?

4       THE DEFENDANT:  Yes, sir.

5       THE COURT:  Well, why do you want to indict

6  him for murder if somebody is shooting at him

7  first?

8       MS. PERKINS:  Judge, that's not what the

9  State's evidence will show.

10       THE COURT:  Okay.  Then, tell me --

11       MS. PERKINS:  Do you --

12       THE COURT:  Wait a minute.  Go ahead and

13  finish --

14       THE DEFENDANT:  But I have witnesses.

15       THE COURT:  Wait a  minute.  Go ahead and

16  finish your story.

17       MS. PERKINS:  This is not the --

18       THE COURT:  Wait a minute.  I'm going to get

19  to you.  Okay.  Go ahead.

20       THE DEFENDANT:  So once -- once that

21  happened, Jimmy Chandler, he was shooting --

22  Barnaby Adams was shooting toward the car we were

23  in.  And so Jimmy Chandler jumped out the car and

24  ran.  And then that's when, you know, the shooting

25  stopped.  Then I cranked the car up and pulled

1       off.

2              THE COURT:  Wait a minute.  When he started

3       shooting, you started shooting toward him?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Okay.

6              THE DEFENDANT:  I shot back.

7              THE COURT:  Okay.

8              THE DEFENDANT:  You know, that's how it went.

9       So I jumped in the car and pulled off.  You know,

10      and then about 10 minutes later, a girl called --

11      a girl called my phone and say she was around

12      there, and she told me that somebody was shot.

13             THE COURT:  Well, now, you say that's not

14      what the facts show.  Tell me what your facts

15      show.

16             MS. PERKINS:  Judge, the State's evidence

17      would show that the defendant drove up to this --

18      to 2055 on Lincoln Terrace, and he just -- he had

19      one foot inside the car, the other foot on the

20      ground.  He just began to spray toward that house,

21      which is where the person he was shooting at is,

22      Barnaby Abner.  And also -- also our victim,

23      Vernon Pernell was out there.

24             Mr. Barnaby Abner was not shot, but our

25      victim, Mr. Pernell, was killed.

```
 1            THE COURT:  So Pernell was the one killed?

 2            MS. PERKINS:  Yes, sir.  Yes, sir.  And

 3     Pernell was not shooting at him previously.  It's

 4     in dispute whether or not Mr. Abner was shooting

 5     at him previously.

 6            THE COURT:  Did y'all check to see whether

 7     Abner had a gun?

 8            THE DEFENDANT:  They found guns in the house.

 9            THE COURT:  Hold it.  I do the talking.

10            Did y'all check to see whether Abner had a

11     gun?

12            MS. PERKINS:  Yes, sir.  And there were

13     casings found at the scene, and to my knowledge,

14     those casings did not match from any gun from

15     Mr. --

16            THE COURT:  So all the casings that were

17     found were from the gun of the defendant?

18            MR. PERKINS:  (Looking through papers.)  I'm

19     trying to see if all of them were found from his

20     gun.  Some of them were, Judge.  I don't think the

21     other ones matched any gun by Mr. Abner.

22            THE COURT:  Well, did it match any guns that

23     were in the house?

24            MS. PERKINS:  Not to my knowledge, I can

25     double-check it, though.
```

1      THE COURT:  I wish you would double-check on

2   that before sentencing.

3      MS. PERKINS:  Yes, sir.

4      THE COURT:  Because --

5      MS. PERKINS:  I'll have that information for

6   you at sentencing.  I'll go back and find the

7   ballistics report.

8      THE COURT:  That happened in the City of

9   Montgomery?

10      MS. PERKINS:  It all happened in Montgomery

11   County, Judge.

12      THE COURT:  That all happened in Montgomery

13   County?

14      THE DEFENDANT:  Yes, sir.

15      THE COURT:  All right.  The Court hereby --

16   You recommend I accept the plea, Mr. Keith?

17      MR. KEITH:  Yes, Your Honor.

18      THE COURT:  Ms. Smith, you recommend I accept

19   the plea?

20      MS. SMITH:  Yes, Your Honor.

21      THE COURT:  The Court finds that you enter

22   your plea voluntarily and intelligently.  The

23   Court accepts your plea.  Set your case for

24   sentencing on August the 6th.

25      Take him downstairs.  August the 6th, I

1    want -- I do want the results of ballistics.

2        MS. PERKINS:  Yes, sir.

3        THE COURT:  -- on the 6th.  And the casings;

4    what weapons were found in the house.  And, you

5    know, one sentence is thing; another sentence is

6    another thing.

7        MS. PERKINS:  Yes, sir.

8        THE COURT:  And the truth of the matter is,

9    if they come together and one person starts

10   shooting, and he shoots back; that puts the case

11   in one light.  Of course, if -- I'm sorry the

12   young man was killed, but if he gets out the car

13   and the folks at the house, and he just start

14   spraying the house with bullets and all, that's

15   another thing.

16       MS. PERKINS:  Yes, sir.

17       THE COURT:  So I need to know that.

18       MS. PERKINS:  Yes, sir.

19       THE COURT:  All right.  Take him downstairs,

20   get a presentence report.  We'll sentence him on

21   August 6th.

22           (The proceedings in the above-referenced

23           case were concluded.)

24           *    *    *

25           (The following proceedings occurred

Denise L. Gordon
Official Court Reporter
(334) 832-1330

```
 1              before the Honorable Charles Price,

 2              Presiding Circuit Court Judge, in regard

 3              to the above-styled cause, commencing on

 4              Friday, August 6, 2004:)

 5         THE COURT:  Marcel Austin.

 6              (Defendant steps forward; counsel

 7              present.)

 8         THE COURT:  All right.  Mr. Austin, you're

 9    here for sentencing for the offense of murder.

10    Anything to say before the sentence is imposed

11    against you?

12         All right.  What says the State?

13         MS. SMITH:  Your Honor, he would like to say

14    something.

15         THE COURT:  Go ahead.

16         THE DEFENDANT:  I just -- you know, I don't

17    know if a lot of fact being known to the family or

18    the Court and I just -- I just wanted them to

19    know -- to let them know that I ain't never meant

20    for nobody life to be taken; you know, trying to

21    say, let y'all know that I loved y'all.  And it's

22    been so hard thinking that my hand did this,

23    trying to save my life.

24         THE COURT:  It was the activity that you were

25    engaged in, Mr. Austin.  And I'm not making light
```

1    of that.  I'm sure not de-emphasizing the

2    seriousness to you and to the family of the

3    deceased, but it was it was the activity that you

4    were engaged in.  And the activity you were

5    engaged in was going to lead to something like

6    this; no question about that.

7         THE DEFENDANT:  But, you know, I never went

8    around --

9         THE COURT:  Well, I understand.

10         THE DEFENDANT:  I never meant to, you know,

11    hurt anyone.

12         THE COURT:  I don't think you did.  But the

13    activity -- Listen, don't poor-mouth me, now.  The

14    activity that you were engaged in was going to

15    lead to something like this; and no question about

16    it.  It was just a matter of time.  Unfortunately,

17    this young man was killed.  The activity that you

18    were in engaged in, was going to lead to this.

19         Anything from the family of the deceased?

20         MS. PERKINS:  Yes, sir.  Before we do that,

21    Judge, the State wants to invoke the gun

22    enhancement just for the record.

23         THE COURT:  All right.  The State's motion

24    to --

25         Any objection?

1    MS. SMITH:  No objection, Judge.

2    THE COURT:  All right.  The State's motion to

3    invoke the gun enhancement is hereby granted.

4    All right.  Go ahead.

5    MS. PERKINS:  Judge, the first person that

6    wants to speak is the victim's father.

7    THE COURT:  All right.  Come up.  Step up.

8    Tell me what you want to tell me.

9    MR. MARTIN:  Judge, I feel like this, you

10   know.

11   MS. PERKINS:  Can you state your name for the

12   record?

13   MR. MARTIN:  Tony Martin.

14   MS. PERKINS:  And how are you related to the

15   victim?

16   MR. MARTIN:  Father.  You know, my son was no

17   violent person.  He wasn't messing with nobody

18   when he got killed.  I just had got through

19   talking to him.  And, you know, 45 minutes later,

20   somebody tell me, "Your son got shot."

21   I thought he wasn't just shot, you know.  I

22   feel like, you know, he done wrong; he should pay

23   for it.

24   Thank you.

25   THE COURT:  All right.  Step back.

1           MS. PERKINS:  State your name for the record,

2      please.

3           MS. PYARS:  Good morning.  My name is Anita

4      Pyars (phonetic).  I'm Barney Pernell's aunt.  I'm

5      here on behalf of my family the Pernells and the

6      Martin family.  About Marcel, we been knowing

7      Marcel since actually he was about 15 years old.

8      I mean, back then, he was a nice young man.  He

9      was in church.  His family -- Well, his mom used

10     to always get my sisters and her nephews and they

11     go out shopping, to the church, whatever.

12          I guess as the years passed on, he got older

13     and got wiser, and dealing with other people.  I

14     mean, I just feel within a year, my family had

15     actually been through so much within a year of

16     Barney Pernell's death; prior to a year after

17     that, his mom died.  She's my sister Lorraine

18     Martin.  She died with a massive heart attack.

19     She was going through so much stress because of

20     the situation, what's going on.  She never told

21     nobody, she always kept it inside.  And basically,

22     all that stress inside wasn't good.  So she

23     actually died a year -- actually 7 months ago.

24          And so prior to that, in between the death of

25     her son and her, my mom had a massive stroke at

1    the brain.  Within 7 months from that, leading up

2    until today, it's only been a month.  It was here

3    in the courtroom, we got a phone call for my mom.

4    My brother died with a massive heart attack.

5         I mean, I understand what he's going through.

6    But he's got to look at within 2 years, we done

7    lost two people -- well, actually three people.

8         THE COURT:  Well, you really can't say the

9    heart attacks was over this, now.

10        MS. PYARS:  Yeah, yeah.  But I'm just saying

11   all the stress that the family been going through.

12   And I just want to say to him that we do accept

13   his apology.  I mean, on everything.  He's a nice

14   young man.  I just hate that things happened the

15   way it did.

16        THE COURT:  All right.

17        MS. PYARS:  And, you know, we accept his

18   apologies from my family to his.

19        THE COURT:  All right.  Hearing nothing else,

20   the Court sentences you -- The Court sentences you

21   to 45 years in the penitentiary --

22             (There was an emotional outburst in the

23             courtroom.)

24        THE COURT:  The Court orders you to pay $2500

25   to victim compensation; court costs, attorney

23

1    fees.

2         Any restitution?  Any restitution?

3         MS. PERKINS:  Yes, sir.  Restitution is

4    $8,268.

5         THE COURT:  The Court orders restitution in

6    the amount of  --

7         MS. PERKINS:  Judge, I will say that 5,000 of

8    that is to the Victim Compensation Fund.

9         THE COURT:  How much is restitution?

10        MS. PERKINS:  To the family is $3,268, and

11   5,000 to the Victim Compensation.  So you may want

12   to negate that.

13        THE COURT:  How much is the total

14   restitution?  That's what I'm asking.

15        MS. PERKINS:  $8,268 restitution; $5,000 to

16   be paid on victim compensation, remaining to the

17   family.

18        THE COURT:  The Court instructs the

19   Commissioner of the Board of Corrections if he

20   receives any money during the time he's in the

21   penitentiary, he's to instruct his staff to deduct

22   50 percent of that money to pay into the Clerk's

23   office to be paid victim compensation, court

24   costs, attorney fees and restitution.

25        MS. SMITH:  Your Honor, if I may say, ask the

1    Court to reconsider on this.  Looking at the

2    recommendation of the probation officer, it's 25

3    years.

4         THE COURT:  That's the probation officer.

5         MS. SMITH:  Correct, Your Honor.

6         Mr. Austin does not have any prior felonies.

7         THE COURT:  I understand.

8         MS. SMITH:  And with his facts, he would

9    allege that he was acting in self-defense.

10        THE COURT:  There's no evidence to support

11   that.  There's just absolutely no evidence to

12   support that it was self-defense.

13        He went over there and he was looking for

14   Abner.  Okay?  He was looking for Abner.  He saw

15   Abner.  He got out and killed Abner, and an

16   innocent person got killed.

17        All of the ballistics out there, there's no

18   evidence of any other gun was fired.  I know

19   that's his speech.  I heard all of that.  But all

20   of the ballistic evidence is all of the shots were

21   fired from his gun.  There was seven -- I reviewed

22   the ballistic report.  Listen, I went through this

23   because he's a fine young man.  He has a family.

24   I don't want to, you know -- the sentence has to

25   be appropriate.

1       All of the ballistic evidence, there was one

2   gun fired.  He fired it, and an innocent person

3   was killed.  Okay?

4       MS. SMITH:  Your Honor, I would also ask the

5   Court to consider that he had been in -- had

6   received an honorable discharge, and had been in

7   the Army --

8       THE COURT:  I applaud him for that.  And I

9   looked at all of that.  Yes, he's a veteran.  I

10  understand all of that.  I tried to be as lenient

11  as I can.

12      That is the appropriate sentence.  And that

13  is the sentence.  Okay.  Thank you.

14      I've considered everything you said.  This

15  sentence wasn't done just sitting on the bench.

16  This sentence was done after a long study of the

17  record; reading all of the record, and thinking

18  about what the appropriate sentence should be.

19  Okay?

20      Thank you.

21          (The proceedings in the above-referenced

22          case were concluded.)

23

24

25

C E R T I F I C A T E

STATE OF ALABAMA )

MONTGOMERY COUNTY)


I, Denise L. Gordon, Official Court Reporter of the Fifteenth Judicial Circuit, do hereby certify as follows:

That I reported in shorthand the foregoing proceedings in the foregoing styled cause at the time and place stated heretofore;

That I later reduced my shorthand notes to computer-aided transcription, and the foregoing pages numbered 2 through 25, both inclusive, contain a full, true, and correct transcript of the proceedings and testimony as herein set out;

That I am neither of kin or of counsel to the parties to said cause, nor in any manner interested in the results thereof.

Done this 28th day of November, 2005.


Denise L. Gordon
Official Court Reporter

# EXHIBIT

# B

69

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
CRIMINAL DIVISION

STATE OF ALABAMA,

VS.

MARCELLE AUSTIN,

\*
\*
\*        CASE NO. CC-2004-463PR
\*
\*
\*

### MOTION TO WITHDRAW PLEA

The above-styled matter comes before the Court on the Defendant's, Marcelle Austin, Motion To Withdraw Plea, and as grounds therefore, the Defendant respectfully shows as follows:

1. The Defendant was sentenced on or about August 6, 2004; The Court sentenced him to serve fourty five years in the Department of Corrections.

2. The said sentence is unduly harsh, in light of the fact that the Defendant committed this crime in the heat, of Self-Defense.

3. The Defendant also states that he has no prior

Convictions or felonies also that the Detectives, District Attorney, and the Victims families all were going for a split-sentence.

4. The Defendants states also that he only plead guilty, because of the constant pain of both families. Therefore he plead guilty on the advisory of both counsels which stated that everyone agreed upon the split-sentence. No more than twenty years upon the judges decision Defendant has a copy of the papers with the promise sentence.

5. The Defendant also states that neither counsels, pursue any defense in his behalfs only used methods of remorse and testify on another Capital Offense. Therefore nothing was done in the Defendants behalf please consider the facts. Wherefore, the Defendants respectfully moves this Honorable Court to consider his Motion to Withdraw Plea.

Respectfully submitted this the
29 day of Sept, 2004

by _Marcell Cushing_

:c: District Attorney
   Aimee Smith
   Richard Keith

# EXHIBIT

# C

In the Circuit Court of Montgomery County,
in Montgomery, Alabama

State of Alabama

- Vs -

Marcelle Austin

Case no: CC-2004-463-??

SEP 2004
FILED
Melissa Rittenour
Circuit Clerk

## Motion for Reconsideration

Comes now the Petitioner, Marcelle Austin, Pro-Se by and through himself in the above style cause, seeks and asks this Honorable Court to Reconsider the sentence that was imposed upon him. In support of this motion, the Defendant states the following:

(1). On August 6, 2004, the defendant was sentenced to (45) forty-five years in the Department of Corrections.

(2). The Court should take Rule 26.8, into serious consideration upon imposing the sentence against the defendant.

(3). In Rule 26.8, the sentence imposed in each case should call for the least restrictive sanction, and, give serious consideration to the goal of sentencing equality and the need to avoid unwarranted disparities.

(4). The Defendant states at this time that, he does not have any prior felonies or felony cases pending.

(5). The Defendant further states that, he has served in the United States Army.

(6). Upon sentencing the Defendant was advise by his attorney Mr. Richard Keith and Ms. Amiee Smith, that, the sentence imposed would not exceed over a term of twenthly (20) years.

(7). Futhermore, the Defendant was allowed bail before sentencing and while out on bail, the Defendant did not participate in any illegal activities and proved that, he was not a threat to the community at large.

(8). Also before sentencing the Defendant was advised by and through his attorneys that, the District Attorney and family of the victim co-agreed upon a split sentence for the Defendant.

Therefore through good cause shown the Defendant prays this Honorable Court takes this motion into consideration.

Respectfully submitted this 14 day of September, 2004.

Marcelle Austin
**Marcelle Austin**

I, hereby certify that, I have served a copy of the foregoing documents upon the District Attorney and Circuit Court Clerk on this 14 day of September, 2004

**IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA**

STATE OF ALABAMA,
    Petitioner (s),

vs.
                              CASE NO.CC-2004-463-PR

MARCELLE AUSTIN,
    Defendant (s).

**ORDER**

   The above-styled matter comes before the Court on the Defendant's, Marcelle

Austin, MOTION TO WITHDRAW PLEA. Upon consideration of the same, the Court

finds that the MOTION is due to be and is hereby DENIED.

    Done this the 12 OCT 2004.

                           _____
                           CHARLES PRICE, Circuit Judge

cc:    District Attorney
       Marcelle Austin

*(stamp: 2004 OCT 13 PM 1:57  FILED CIRCUIT COURT OF MONTGOMERY COUNTY)*

# EXHIBIT

# E

76



# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk

P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

## CR-03-2078

Marcel Austin v. State of Alabama  (Appeal from Montgomery  Circuit Court: CC04-463)

## ORDER

In response to an earlier order of this Court, the appellant in the above-referenced cause has advised that no issues were reserved for appellate review before the plea of guilt was entered and that no motion to withdraw the guilty plea or motion for a new trial was filed within 30 days from the date sentence was pronounced.

Upon consideration of the above, the Court of Criminal Appeals orders that this appeal be and the same is hereby dismissed on authority of Williams v. State, 854 So.2d 625 (Ala.Crim.App. 2003).  Now, having this date dismissed this appeal, the Court further orders that the certificate of judgment shall issue forthwith.

Done this the 10th day of November, 2004.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Charles Price, Circuit Judge
   Hon. Melissa Rittenour, Circuit Clerk
   Denise Gordon, Court Reporter
   J. Carlton Taylor, Attorney
   Office of Attorney General



77

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-03-2078**

Marcel Austin v. State of Alabama  (Appeal from Montgomery  Circuit Court: CC04-463)

# CERTIFICATE OF JUDGMENT

To the Clerk of the above noted Trial Court, Greetings:

WHEREAS, the appeal in the above-referenced cause has been considered by the Court of Criminal Appeals; and

WHEREAS, an order was issued this date in said cause containing the judgment indicated below:

## Appeal Dismissed

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure and the order of dismissal, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk**
**Court of Criminal Appeals, on this**
**the 10th day of November, 2004.**

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Charles Price, Circuit Judge
     Hon. Melissa Rittenour, Circuit Clerk
     J. Carlton Taylor, Attorney
     Office of Attorney General

# EXHIBIT

# F

79

| State of Alabama<br>Unified Judicial System<br><br>Form CR-51(front)    Rev. 7/02 | **EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY**<br>(Non-Habitual Offender — Felony and Misdemeanor<br>Circuit or District Court) | Case Number<br><br>GC 04-463FR |

IN THE ___Circuit___
(Circuit or District)          COURT OF ___Montgomery___, ALABAMA
(Name of County)

STATE OF ALABAMA v. ___Marcella Austin___
Defendant

**TO THE ABOVE-NAMED DEFENDANT:** The Court, having been informed that you wish to enter a plea of guilty in this case, hereby informs you of your rights as a criminal defendant.

## PENALTIES APPLICABLE TO YOUR CASE

You are charged with the crime of ___Reckless Murder___, which is a Class __A__ ☒ Felony ☐ Misdemeanor. The Court has been informed that you desire to enter a plea of guilty to ☒ this offense or ☐ to the crime of ___
which is a ☐ felony ☐ misdemeanor. The sentencing range for the above crime(s) is set out below:

| MISDEMEANOR | | FELONY | |
|---|---|---|---|
| **Class A** | Up to one (1) year imprisonment in the county jail, or a fine up to $2,000, or both. | **Class A** | Not less than ten (10) years and not more than life or ninety-nine (99) years imprisonment in the state penitentiary, and may include a fine not to exceed $20,000. |
| **Class B** | Up to six (6) months imprisonment in the county jail, or a fine up to $1,000, or both. | **Class B** | Not less than two (2) years and not more than twenty (20) year imprisonment in the state penitentiary, and may include a fine not to exceed $10,000. |
| **Class C** | Up to three (3) months imprisonment in the county jail, or a fine not to exceed $500, or both. | **Class C** | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, and may include a fine not to exceed $5,000. |

**Crime Victims Assessment:** You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony and not less than $25 and not more than $1,000 for each misdemeanor for which you are convicted.

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☒ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** Section 13A-5-6, Ala. Code 1975, provides for the enhancement of a punishment where a firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; For the commission of a Class C Felony, at term of imprisonment of not less than 10 years; For the commission of a Class B Felony, a term of imprisonment of not less than 10 years.

☐ **Enhanced Punishment for Drug Sale Near School:** Section 13A-12-250, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, shall be punished by an additional penalty of five years' imprisonment for each violation.

☐ **Enhanced Punishment For Sales Of Controlled Substance To One Under 18:** Section 13A-12-215, Ala. Code 1975, provides that anyone convicted of selling, furnishing or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215 or 13A-12-231, Ala. Code 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or $2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to Section 13A-12-214 (unlawful possession of marijuana in the second degree), Section 32-5A-191(a)(3) or Section 32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ **Alcohol/Drug Related Offenses:** If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part or all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees by an indigent.

Original - Court File          Copy - Defendant          Copy - District Attorney          Copy - Defense Attorney

| Form CR-51 (back)    Rev. 7/02 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY<br>(Non-Habitual Offender -- Felony and Misdemeanor -- Circuit or District Court) |
|---|---|

☐ **DNA Samples for Criminal Offenses in Section 36-18-24:** Beginning May 6, 1994, Section 36-18-25(e), Ala. Code 1975, provides that, as of May 6, 1994, all persons convicted of any of the offenses set out in Section 36-18-24, shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ **DUI Offenses:** Beginning October 1, 1993, if you are convicted of a DUI offense pursuant to Section 32-5A-191, Ala. Code 1975, an additional fine of $100.00 will be assessed pursuant to Section 32-5A-191.1, Ala. Code 1975.

☐ **Drug Possession:** Beginning October 1, 1995, if you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in Sections 13A-12-211 to 13A-12-260, inclusive, Ala. Code 1975, an additional fee of $100.00 will be assessed pursuant to Section 36-18-7, Ala. Code 1975.

☐ **Other:** _____

---

### RIGHTS YOU HAVE AND THE WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You do not have to answer any questions. If you do answer questions knowing that you have a right to silence, you will have waived your right to remain silent.

You have the right to enter, or stand on if previously entered, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," or "Not Guilty and Not Guilty by Reason of Mental Disease or Defect" and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State just as any other witness is subjected to cross examination. If you elect not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty.

If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE AND YOU WILL STAND GUILTY ON YOUR GUILTY PLEA. BY ENTERING A PLEA OF GUILTY, YOU WILL ALSO WAIVE YOUR RIGHT TO APPEAL, UNLESS (1) YOU HAVE, BEFORE ENTERING THE PLEA OF GUILTY, EXPRESSLY RESERVED THE RIGHT TO APPEAL WITH RESPECT TO A PARTICULAR ISSUE OR ISSUES, IN WHICH EVENT APPELLATE REVIEW SHALL BE LIMITED TO A DETERMINATION OF THE ISSUE OR ISSUES RESERVED, OR (2) YOU HAVE TIMELY FILED A MOTION TO WITHDRAW THE PLEA OF GUILTY AFTER PRONOUNCEMENT OF SENTENCE ON THE GROUND THAT THE WITHDRAWAL IS NECESSARY TO CORRECT A MANIFEST INJUSTICE, AND THE COURT HAS DENIED YOUR MOTION TO WITHDRAW YOUR PLEA, OR THE MOTION HAS BEEN DEEMED DENIED BY OPERATION OF LAW.

IF YOU HAVE A RIGHT TO APPEAL UNDER ONE OF THE CONDITIONS ABOVE AND YOU ARE DETERMINED BY THE COURT TO BE INDIGENT, COUNSEL WILL BE APPOINTED TO REPRESENT YOU ON APPEAL IF YOU SO DESIRE AND IF THE APPEAL IS FROM A CIRCUIT COURT JUDGMENT OR SENTENCE, A COPY OF THE RECORD AND THE REPORTER'S TRANSCRIPT WILL BE PROVIDED AT NO COST TO YOU.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

_6-28-04_ _____      _____
Date                                                        Judge

---

### ATTORNEY'S CERTIFICATE

I certify that the above was read to the defendant by me; that I explained the penalty or penalties to the defendant, that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and, to my knowledge, no one else has done so.

_6-21-04_ _____      _Richard K. Keith_ _____
Date                                                        Attorney
                                                                            SMI 220

---

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope or reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

_6-21-04_ _____      _____
Date                                                        Defendant

# EXHIBIT

# G

378-21B

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,          )
                           )
    Plaintiff,         )
                           )
vs.                        )    CASE NO. CC-2004-463-CNP
                           )
MARCELLE AUSTIN,           )
                           )
    Defendant.         )

## MOTION TO RECONSIDER SENTENCE

**COMES NOW,** the Defendant, Marcelle Austin, by and through counsel of record, and requests this Honorable Court to reconsider the sentence imposed in the above stated case. As grounds for this motion, the Defendant states the following:

1.    On or about October 05, 2003, the Defendant was arrested for Capital Murder.

2.    On or about March 12, 2004, the Defendant was indicted for Reckless Murder, a class A felony. The Defendant made bond, and maintained employment with a Montgomery business with no incidents.

3.    On June 21, 2004, the Defendant pled guilty as charged in the indictment. The Defendant was sentenced on August 6, 2004 to Forty -Five (45) years imprisonment in the Department of Corrections.

4.    The recommendation of the probation office was Twenty-Five (25) years imprisonment. The Defendant admits he inadvertently shot the victim while attempting to shoot a third party, whom the Defendant believed was trying to cause bodily harm to the Defendant. The Defendant apologized to the victim's family and they made peace with one another. The victim's family representative acknowledged during the sentencing of the Defendant that they forgave the

83

Defendant for his reckless actions.

5.    Prior to the sentencing, the victim's family was consulted and stated they were not opposed to the Defendant having a sentence of 20 or 25 years, but that they themselves did not want to make the decision of the sentence to be imposed.

6.    The Defendant has no prior adult felonies, and no juvenile record.

7.    The Defendant provided a statement to the police admitting his wrong-doing in this matter. The Defendant further tried to assist the police by offering information in a separate murder case. The Defendant was only considered as a witness in this other matter, and readily provided information to the police. The police were eager to talk to the Defendant and offered to reduce the Defendant's case to Manslaughter if the information provided could be corroborated by any other individual. However, the police were unable to locate another witnesses. The Defendant completed his end of the bargain to the best of his ability in the hopes that his assistance (which would put the Defendant and his family in grave danger) would be considered favorably by the District Attorney, probation officer and this Honorable Court during his sentencing in this matter.

8.    Rule 26.8 of the Alabama Rules of Criminal Procedure establish that the "sentence imposed...should call for the least restrictive sanctions...". The Defendant has no prior felony record, and no juvenile record. But for the reckless act, the Defendant believed he was acting in self-defense. The Defendant has also served almost one and one-half years of incarceration pending the outcome of this matter. The Defendant admits that the crime occurred due to a senseless act, but that a sentence of Twenty or Twenty-Five years would not be disproportionate to the crime for a first time offender. The Defendant asserts the imposition of a lesser sentence would be sufficient as to the least restrictive sanction required in this most unfortunate case.

**WHEREFORE,** Defendant prays this Honorable Court will reconsider the sentence heretofore pronounced upon him.

**Respectfully submitted** this the ___16th___ day of August, 2004.

**AIMEE C. SMITH   (SMI220)**
**ATTORNEY AT LAW**
640 S. McDonough Street, 2nd Floor
Montgomery, Alabama 36104
(334)-264-6466

**RICHARD KEITH (KEI003)**
**KEITH & HAMM, P.C.**
235 S. McDonough Street
Montgomery, AL 36104
(334) 264-6776

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served by U.S. mail, postage prepaid and properly addressed, by hand delivery, or by placing a copy of the same in the District Attorney's box in the Circuit Clerks Office to the following:

Hon. Vernetta Perkins, D.D.A.
District Attorney's Office
251 S. Lawrence Street
Montgomery, Alabama 36104

**Done** on this the ___16th___ day of August, 2004.

OF COUNSEL

060-03/M2Reconsider1.2.doc

# EXHIBIT

# H

ROLINS
378-21

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,
     Plaintiff (s),

vs.                            CASE NO.CC-2004-463-PR

MARCELLE AUSTIN,
     Defendant (s).

## **ORDER**

The above-styled matter comes before the Court on the Defendant's, MARCELLE

AUSTIN, MOTION TO RECONSIDER SENTENCE.  Upon consideration of the same,

the Court finds that the MOTION is due to be and is hereby DENIED.

Done this the 18 AUG 2004.

_____
CHARLES PRICE, Circuit Judge

cc:    District Attorney
       Aimee Smith
       Richard Keith

2004 AUG 23 PM 3: 06

# EXHIBIT

# I

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY ALABAMA

| | | |
|---|---|---|
| MARCEL AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CC-04-463-CNP |
| | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

**BEFORE ME**, the undersigned a Notary Public in and for this State and County, personally appeared Aimee C. Smith, who is known to me and being by me first duly sworn deposes as follows:

My name is AIMEE C. SMITH (SMI 220). I am over the age of nineteen (19) years and of sound mind. The following statements are true and made without coercion.

I was initially retained to represent Marcel Austin before the District Court of Montgomery County. Mr. Austin was charged with Capital Murder.

Due to Mr. Austin's inability to continue to pay for legal services, I requested that I be appointed to represent him before the Circuit Court. The Honorable Judge Price appointed me to represent Mr. Austin. I was appointed as the second chair counsel. Mr. Richard K. Keith was appointed to be lead counsel in this matter.

On behalf of Mr. Austin, I spoke with the Montgomery Police Department in an effort to have the charge indicted for less than Capital Murder. Mr. Austin was asked to provide a statement as to his involvement. Mr. Austin did so, but was not forthcoming in his statement. The police (through former Deputy District Attorney Carol Boone) asked Mr. Austin to provide

information in another unsolved case in exchange for a reduced charge. We were seeking a charge of Manslaughter. The police were willing to consider Murder. If the information could be supported by another individual, then the District Attorney would consider standing silent at the sentencing hearing and not opposing a reverse split sentence recommendation. This other case unsolved case was known as the Masterburger case and the police believed Mr. Austin to be a key witness to the murder(s). Mr. Austin provided a statement to the police. The District Attorneys Office then recommended that the case be indicted for less than Capital Murder. Mr. Austin's information could not be supported by another witness and the sentence portion of the deal fell through. We tried to continue the plea and sentencing hearing to complete the deal, but Mr. Austin was not able to give the police information that would lead to another witness.

On or about March 12, 2004, Mr. Austin was indicted for reckless murder. Mr. Austin pled guilty on June 21, 2004 as charged.

During the plea hearing, Mr. Austin did not follow the advice of counsel and showed little remorse for his actions. Mr. Austin suggested facts not supported by the evidence and the trial court reviewed the evidence for verification of the statements made by Mr. Austin. We offered Mr. Austin the opportunity to withdraw his plea after the plea hearing (and during various meetings with Mr. Austin), but he choose not to do so.

I have never made any promise to Mr. Austin that he would receive a split sentence. If the agreement had been completed or if there had been any further agreement, I would have written it on the back of the plea form and informed the court of the deal on the record. I advocated for Mr. Austin's sentence to be less than the recommendation and sought a split sentence. I spoke with victim representatives in an effort to gain their support for the minimum sentence or a split. These representatives were willing to accept or support the sentence the

Judge deemed appropriate.

The sentence recommendation by the probation officer was for Twenty-five (25) years. Mr. Austin was sentenced to Forty-Five (45) years. We filed a Motion to Reconsider the Sentence on behalf of Mr. Austin. This motion was denied.

Mr. Austin (through a representative) continued to seek my assistance on legal issues months beyond my representation in this case. To now suggest that my services were ineffective are simply without merit. While I supported a lesser sentence imposition, I believe Mr. Austin's complaints are based on his general unhappiness with the sentence imposed.

DONE this ___ day of December, 2005.

AIMEE C. SMITH (SMI 220)

**Sworn to and subscribed** before me on this _21st_ day of December, 2005.

NOTARY PUBLIC
My Commission Expires: _03.10.2008_

**IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT**
**MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| MARCEL AUSTIN,<br>    Petitioner, | )<br>)<br>) |
| v. | )    Case No.   CC-04-463.60-CNP<br>) |
| STATE OF ALABAMA,<br>    Respondent. | )<br>)<br>) |

### ORDER

This Court, having reviewed the Petitioner's Petition for Post-Conviction Relief filed

pursuant to Rule 32, <u>Ala. R. Crim. P.</u>, and the State's Answer, hereby finds as follows:

> **1. The Petitioner's claim that the Court was without jurisdiction to render**
> **judgment or impose sentence is without merit and due to be denied.**

In his petition, the Petitioner alleges that the Court was without jurisdiction to render

judgment or impose sentence in this case. (P. at 1). However, the Petitioner fails to offer

anything more than a bare suggestion that a jurisdictional defect exists. The Petitioner does, in

the course of arguing his other claims, cite to <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969). (P. at 3).

However, a <u>Boykin</u> issue is not jurisdictional in nature. <u>Catchings v. State</u>, 684 So. 2d 168, 169

(Ala. Crim. App. 1995). Thus, even if the Petitioner's <u>Boykin</u> argument had merit, it fails to raise

a true jurisdictional claim. The petitioner has failed to prove sufficient facts to show that a claim

exists. Moreover, as the Court of Criminal Appeals held in <u>Catchings</u>, a <u>Boykin</u> claim, which the

Petitioner seems to make in his petition, does not raise a jurisdictional claim. Therefore, this

claim, in addition to being insufficiently pleaded, is without merit. Accordingly, this claim is due

to be, and is hereby, **DENIED.**

> **2. The Petitioner's claim that his guilty plea was unlawfully induced or the product**
> **of undue influence is without merit and is due to be denied.**

RECEIVED
1-3-06
CIRCUIT COURT CLERK

The Petitioner claims that his guilty plea was "unlawfully induced or not made voluntarily." (P. at 1). As a basis for this claim, the Petitioner states that he pleaded guilty in exchange for a split sentence. (P. at 1-2). The Petitioner claims that, on the day of sentencing, the Court disregarded the plea agreement, and was about to impose sentence when the Petitioner advised counsel that he wished to withdraw his plea. (P. at 2). The Petitioner claims that this request was ignored by the Court. (P. at 2). At sentencing, the State invoked the firearm enhancement, pursuant to <u>Ala. Code</u> §13A-5-6. The Petitioner claims that he "had no prior knowledge" that the gun enhancement would be invoked at sentencing. (P. at 4). He claims this fact deprived him of the opportunity to enter a knowing and intelligent plea because he was not properly informed of the minimum and maximum potential sentences. (P. at 4).

It is the Court's understanding that there originally was a deal made between the Petitioner and the State. However, the Petitioner has apparently misstated the terms of that agreement. Ms. Aimee Smith, one of the attorneys for the Petitioner, spoke with the Montgomery Police Department on the Petitioner's behalf in order to secure a lesser charge for the Petitioner (State's Exhibit I). According to Ms. Smith, the Petitioner gave a statement regarding his involvement, but was not forthcoming in his statement. (State's Exhibit I). The police, through the District Attorney's office, did ask the Petitioner for information about another case. (State's Exhibit I). Ms. Smith states that she was seeking a charge of Manslaughter, and that the police were willing to consider Murder. (State's Exhibit I). The subsequent agreement between the Petitioner and the State was that, if the Petitioner provided information about this other case, and this information could be corroborated by another individual, then the State would consider standing silent at the Petitioner's sentencing, and it would not oppose a recommendation of a reverse split. (State's Exhibit I). The State did not agree to a split sentence. Nor did Ms. Smith

promise the Petitioner that he would get a split sentence. (State's Exhibit I). The Petitioner did provide a statement to the police, and he was ultimately indicted for Murder. However, the information given by the Petitioner could not be supported by another witness, as required by the agreement, and the sentencing portion of the agreement was rendered a nullity. (See State's Exhibit I). Ms. Smith also states that she spoke with victim representatives who were willing to accept or support the sentence the Court deemed appropriate. (State's Exhibit I). However, the support for, or acceptance of, a split sentence by a victim's representative hardly creates a sentencing agreement between a defendant and the State. Moreover, to the extent that there was an agreement between the Petitioner and the State, that agreement was only that the State would consider standing silent at sentencing and not opposing a reverse split sentence. (State's Exhibit I). There is no evidence in the transcripts of either the Petitioner's plea colloquy or sentencing hearing or in Ms. Smith's affidavit to indicate that there was ever an agreement between the Petitioner and the State for a split sentence. (State's Exhibits A and I).

Ultimately, there is only the Petitioner's claim that there was an agreement for a split sentence, and this is contradicted by Ms. Smith's affidavit which states the agreement was only that the State agreed to consider standing silent and withhold opposition to a reverse split sentence under the aforementioned agreement. It should again be noted that the Petitioner failed to abide by the terms of the agreement he did have with the State. As Ms. Smith states in her affidavit, if the agreement had been completed, or if there had been any further agreement, it would have been written on the back of the Explanation of Rights and Plea of Guilty Form, and the Court would have been informed of the agreement on the record. (State's Exhibit I). There is no mention of any agreement in either the transcript of the Petitioner's plea colloquy or sentencing hearing, nor is there any indication of the existence of a completed, or new, deal

between the Petitioner and the State. (State's Exhibits A and F). The Petitioner failed to live up to the bargain he had with the State. Thus, he is not entitled to the benefit of that bargain nor is he entitled to have the State, or the Court, adhere to an agreement that was never made.

In addition, there is nothing in the transcript of the Petitioner's sentencing hearing to show that the Petitioner ever requested to withdraw his guilty plea. If there had been a legitimate, fulfilled agreement between the State and the Petitioner, and the Court did not follow that agreement, the Petitioner would have the right to withdraw his guilty plea upon filing a timely motion to withdraw the plea. English v. State, 325 So. 2d 211, 215 (Ala. Crim. App. 1975). Ms. Smith and Mr. Keith offered the Petitioner the opportunity to withdraw his guilty plea on more than one occasion, and he refused. (State's Exhibit I). The Petitioner did file an *untimely* motion to withdraw his guilty plea almost two months after sentencing, after the Court had allowed Mr. Keith and Ms. Smith to withdraw from this case. In this motion, and in a Motion for Reconsideration, also untimely filed by the Petitioner, the Petitioner began to make the claim that there was a sentencing agreement between himself and the State for a split sentence. The Court denied the Motion to Withdraw the Plea, and the Petitioner's appeal of that ruling was dismissed by the Court of Criminal Appeals due to the fact that it was filed within the 30 day limit. The Court also denied the Motion to Reconsider. Aside from the two untimely claims made by the Petitioner himself, as well as the present petition, there is no evidence that there was ever an agreement between the Petitioner and the State as to what sentence he would actually receive. At best, the State agreed to consider standing silent and withholding opposition of a reverse split sentence. This was conditioned upon the Petitioner providing verifiable information about another case; something the Petitioner did not do. Moreover, a reading of the transcript of the Petitioner's sentencing hearing reveals that counsel for the State, with the exceptions of the

required invocation of the firearm enhancement, the introduction of victim representatives to the Court, and informing the Court of the amounts of the court ordered monies, did stand silent during the sentencing hearing. (State's Exhibit A).

The Petitioner's claim that he was not aware of the applicability of the firearm enhancement and the range of punishment for this offense is clearly without merit. The Petitioner's claim that he was not made aware that the firearm enhancement would be invoked, thus depriving him of full knowledge of the sentencing range available to the Court, is false. When the Petitioner entered his plea, he signed an Explanation of Rights and Plea of Guilty form. On the portion of this form which explains the applicability of the firearm enhancement to this case, the box is checked and circled. This paragraph explains that the minimum range of punishment is 20 years for a Class A felony, such as the offense with which the Petitioner was charged, when the enhancement is applied. The Petitioner signed the back page of the form, indicating that the form had been explained to him and that he understood the information contained in the form. In addition, the Court explained to the Petitioner that his sentence could be enhanced if a firearm were used during the commission of the offense. (State's Exhibit A at 8). When asked if he understood this, the Petitioner responded, "Yes, sir." (State's Exhibit A at 8). The State has no discretion as to whether or not to invoke the weapons enhancement. Simmons v. State, 675 So. 2d 79, 81 (Ala. Crim. App. 1995). The State could not have agreed not to invoke this enhancement. The evidence before the Court supported the invocation of the enhancement, and the Petitioner had no right to expect that this enhancement would not be invoked.

Moreover, the Explanation of Rights and Plea of Guilty form also listed the maximum range of punishment the Petitioner faced for this offense, 99 years or life. Again, this information

is circled, and the back of the form is signed by the Petitioner. The Court also explained the maximum range of punishment for this offense to the Petitioner, and the Petitioner stated he understood the Court's explanation. (State's Exhibit A at 6). In addition, the Court found at the time that the plea was entered knowingly and voluntarily. (State's Exhibit A at 16).

There was no agreement between the State and the Petitioner whereby the Petitioner would have received a split in exchange for a guilty plea. In fact, Ms. Smith's affidavit directly contradicts the Petitioner's claim. The Petitioner failed to abide by the terms of the agreement he did have with the State, rendering the sentencing portion of the agreement null and void. Moreover, there is no record that the Petitioner ever attempted to withdraw his plea until the Motion to Withdraw Plea, which was filed almost two months after the Petitioner was sentenced. This motion was addressed to this Court, and it was denied.

On at least two occasions, The Petitioner was made aware of the range of punishment for this offense, as well as the fact that the firearm enhancement would be applicable at sentencing. The Petitioner was informed of these facts from the Explanation of Rights and Plea of Guilty form and by the Court itself. The Petitioner indicated that he was aware of, and that he understood, the sentencing range, with the firearm enhancement, both by his signature on the Explanation of Rights and Plea of Guilty form and in his statements to the Court. The Petitioner was made aware of the sentencing range in this case, including the applicability of the firearm enhancement.

These facts show that the Petitioner's claim is without merit. The Petitioner has offered the existence of facts that may, if true, entitle him to relief. However, in accordance with Rule 32.9(a), Ala. R. Crim. P., the Court has decided to exercise its discretion and accept Ms. Smith's affidavit as evidence in this case. The Court has also considered the exhibits offered by the State,

as well as its own records, in making its determination. It is the decision of this Court that the Petitioner's claim is due to be, and is hereby, **DENIED.**

### 3. The Petitioner's claims that he was denied ineffective assistance of counsel is without merit and should be denied.

In his petition, the Petitioner claims that his attorneys, Mr. Richard Keith and Ms. Aimee Smith, were ineffective. (P. at 1). To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that he was prejudiced by that deficient performance. Strickland v. Washington, 466 U.S. 668 (1984). When the Court is reviewing a claim of ineffective assistance of counsel, it must indulge a strong presumption that counsel's conduct was appropriate and reasonable. In Strickland, the United States Supreme Court said,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act, or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct fall within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

Strickland, 466 U.S. at 689 (internal citations omitted). "Counsel's conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct." Ex parte Baldwin, 456 So. 2d 129, 134 (Ala. 1984), aff'd, 472 U.S. 373 (1985).

Even if deficient performance is proven, a showing of prejudice is also required. Prejudice is proven only when there "exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Burnett v. State, 651 So. 2d 57, 58 (Ala. Crim. App. 1994) (citing Strickland, 466 U.S. at 694). A claimant must show that "but for" counsel's deficient performance the results of the proceedings would have been different. Howard v. State, 551 So. 2d 1155, 1158 (Ala. Crim. App. 1989). To prove prejudice, the alleged errors of counsel must upset the adversarial balance between defense and prosecution so much so that the outcome of the case is rendered unfair. See Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (citing Kimmelan v. Morrison, 477 U.S. 365, 374 (1986)). In addition to the showing required by Strickland, the Petitioner also must show that "but for counsel's errors, he would not have pleaded guilty but would have insisted on proceeding to trial." Pugh v. State, 729 So. 2d 359, 360 (Ala. Crim. App. 1998) (citing Hill v. Lockhart, 474 U.S. 52 (1985)).

The Petitioner alleges that counsel was ineffective because they were not prepared in that they did not conduct an investigation of the case or explore all the facts relevant to guilt and punishment. (P. at 5). The Petitioner claims he was not informed of the minimum and maximum ranges of punishment, including the applicability of the firearm enhancement. (P. at 2-4). The Petitioner concludes by claiming that, because he was misinformed before he entered his plea, he was denied effective assistance of counsel. (P. at 5).

To support the proposition that he was denied effective assistance of counsel because he was misinformed, the Petitioner cites to Brown v. State, 810 So. 2d 800 (Ala. Crim. App. 2000), which in turn cited Pugh, 729 So. 2d 359. However, the Petitioner misreads these cases. In Brown, the petitioner claimed his counsel was ineffective because counsel misinformed Brown about whether or not Brown would receive credit for "good-time" on his sentence. Brown, 810

99

So. 2d at 801. The Court of Criminal Appeals ruled that because the State did not refute Brown's claim, it must be taken as true. Id. (emphasis added). Accordingly, the Petitioner was entitled to a hearing on his claim. Id. A similar situation occurred in Pugh, where the petitioner claimed his attorney was ineffective because the attorney told Pugh that he would be eligible for good time and that he would serve no more than 65 months. Pugh, 729 So. 2d at 360. Again, the State did not refute this claim, and the Court of Criminal Appeals determined that Pugh was entitled to consideration of the merits of his claim. Id. at 360-61.

However, this case is unlike the situations presented in Brown and Pugh in that the Petitioner was informed by counsel of the maximum and minimum ranges of punishment for his offense, including the applicability of the firearm enhancement. The Petitioner acknowledged that he understood the range of punishment and the applicability of the firearm enhancement when he signed the Explanation of Rights and Plea of Guilty form. He again acknowledged he understood, when addressing the Court, that he understood the potential sentence he was facing. Moreover, unlike in Brown and Pugh, the State does refute the Petitioner's claim, and the Court is not required to accept his claim as true.

The Petitioner was informed of the sentencing range in this case, including the applicability of the firearm enhancement. He also acknowledged that he was satisfied with his attorneys' representation in writing on the Explanation of Rights and Plea of Guilty form, and he made that same representation directly to the Court. The Petitioner, after he was sentenced, through a representative, continued to seek Ms. Smith's assistance with his case. (State's Exhibit I). After the Court pronounced sentence, Ms. Smith argued for a lesser sentence. (State's Exhibit A at 23-25). Ms. Smith also filed a timely Motion to Reconsider Sentence on August 16, 2004. (State's Exhibit G). She and Mr. Keith offered the Petitioner the opportunity to withdraw his

guilty plea on multiple occasions. (State's Exhibit I). The Petitioner refused. (State's Exhibit I). There is no actual evidence, other than the Petitioner's claim itself, that either Ms. Smith or Mr. Keith were ineffective in their representation.

While proclaiming the ineffectiveness of his attorneys, the Petitioner does not mention that multiple witnesses observed him commit the offense. Nor does he mention that he was originally charged with Capital Murder, but was ultimately indicted for Murder, thanks in part to the efforts of Ms. Smith. (See State's Exhibit I). It was not an unreasonable, never mind faulty, decision on the part of the Petitioner to enter a plea of guilty. It is true that he was sentenced to forty-five years imprisonment. However, the Court had the discretion to sentence him to 99 years or life, but did not do so. The Petitioner may not have gotten as light a sentence as he had hoped for, but it was not as severe as it could have been.

The Petitioner was indicted for a lesser offense than the Capital Murder with which he was originally charged. Ms. Smith worked to reach an agreement between the Petitioner and the State to make that happen. Ms. Smith also worked to have the State agree, as part of the deal, to consider standing silent and not opposing a reverse split sentence in a Murder case. The Petitioner failed to meet his obligations under the agreement made between Ms. Smith and the State. Mr. Keith and Ms. Smith cannot be blamed for that. Ms. Smith argued for a lesser sentence than the one imposed by the Court. She and Mr. Keith offered the Petitioner the opportunity to withdraw his plea. The Petitioner refused. Mr. Keith and Ms. Smith cannot be blamed for that. Ms. Smith filed a motion asking the Court to reconsider its sentence. Counsel was not ineffective. It was the Petitioner who failed to meet the terms of the agreement made between himself and the State. He failed himself by committing this offense. He cannot blame Mr. Keith and Ms. Smith for the consequences of his actions.

Ultimately, there is no actual proof, other than the Petitioner's word, that he would not have pleaded guilty if not for the "failure" of his attorneys. It is easy to claim to ineffective assistance of counsel when one is unhappy with the result of his case. However, the Petitioner did not make his unhappiness with his attorneys known to the Court during his plea colloquy or his sentencing hearing. He continued to seek Ms. Smith's assistance after sentencing, through a representative. (State's Exhibit I). Only after the Court imposed a sentence the Petitioner feels is unfavorable did he claim he was wronged.

Mr. Keith and Ms. Smith were not ineffective. The evidence indicates the Petitioner understood the sentencing range, including the applicability of the firearm enhancement. He was informed of his situation. There is no outside evidence that there was an agreement made between the State and the Petitioner whereby he would receive a split sentence. The only agreement, the agreement the Petitioner failed to follow, was that the State would consider standing silent and not opposing a reverse split sentence in return for verifiable information about another investigation. Furthermore, there is no actual evidence, other than the Petitioner's word, that he told his attorneys he wished to withdraw his guilty plea. In fact, Ms. Smith states in her affidavit that the Petitioner chose not to move to withdraw his guilty plea after being offered multiple opportunities to do so. There seems to be no actual proof that counsel was ineffective and that ineffectiveness led the Petitioner to enter a guilty plea when he would not have done so otherwise. In fact, the evidence, by way of the Court's records, the transcripts, and Ms. Smith's affidavit, indicates that the Petitioner benefited from Mr. Keith's and Ms. Smith's representation.

These facts show that the Petitioner's claim is without merit. The Petitioner has offered the existence of facts that may, if true, entitle him to relief. However, in accordance with Rule 32.9(a), Ala. R. Crim. P., the Court has decided to exercise its discretion and accept Ms. Smith's

affidavit as evidence in this case. The Court has also considered the exhibits offered by the State, as well as its own records, in making its determination. It is the decision of this Court that the Petitioner's claim is due to be, and is hereby, **DENIED.**

Upon consideration thereof, and having taken judicial notice of the Court's own records, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Petition is hereby **DENIED** without an evidentiary hearing.

Hon. Charles N. Price
Circuit Judge

## In The Circuit Court of Montgomery County, Alabama

Marcelle Austin
    Petitioner,

Vs.
                  Case No.CC-04-463.60

State of Alabama
    Respondent

## Motion to Amend Rule 32 Petition Pursuant
## To Rule 32.7(b) Alabama Rule of Criminal Procedures

Comes now the petitioner Marcelle Austin, and respectfully moves this Honorable Court pursuant to this his motion to amend his Rule 32 petition, pursuant to Rule 32.7(b) A.R.C.P.

Petitioner submits that amendments to pleadings maybe permitted at any stage of the proceedings prior to the entry of judgment. The Petitioner submits that there has been a miscarriage of justice which has occurred within the courtroom of Judge Charles Price, where the Petitioner pleaded out to Reckless Murder with no prior felonies and received a 45-year sentence because he is a black male, and the white defendant Jason Derek Barco pleaded guilty to Reckless Murder with four prior felonies (A) Burglary first degree(1997), theft of property first degree(1997), attempted murder(2000), and discharging a firearm into an occupied vehicle and he was sentenced to a 15-year split-2-years to serve in the same courtroom with the exact same Judge Charles Price to hand down the sentence to the white defendant,(see Exhibits 1,2,3, and 4):

The Petitioner further submits that the Assistant District Attorney has fraudulently presented false reports and statements before the Trial Court, which constitutes perjury before the court system, false information to the public, which he stated;

The state intends to use at trial any and all prior convictions, crimes, wrongs, or acts of the defendant for those uses permitted by Rule 404(b) and 609 of the A.R.E., and as otherwise allowed by law. The state is presently aware of, and intends to use the following;

    (A) Burglary First Degree 1997;
    (B) Theft of Property First Degree 1997;
    (C) Attempted Murder 2000;
    (D) Discharging Gun in Occupied Vehicle 2000;
(See Exhibits 5 and 6)

Petitioner submits that there us a derivation of his constitutional; rights that has occurred here and the trial court Judge Charles Price is involved here. Petitioner will reflect that the trial Judge Charles Price has committed…many canon violations here. Where he has failed to be an impartial Judge in serving justice to the petitioner who is black and the white defendant Jason Derek Barco

within the court of law; and will show the following canon ethic violations in this cause;

Charge#1- Canon 2-A

    Failure to conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary;

Charge#2- Canon 2-B

    Failure to avoid conduct prejudicial to the administration of justice which brings the Judicial office into dispute;

Charge#3- Canon 3(c)(i);(A)

    A Judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned including but not limited to instances where; he has personal bias and prejudice concerning a party or personal knowledge of dispute evidently facts concerning the proceedings, Ala Const, 1901 Amend.317.Wallace-v-Wallace, 352 So2d.1376,1378 n.1(Ala.Cir.App.1977).

    Wherefore premises considered the Petitioner prays that this Honorable Court will set an evidentiary for the facts of this miscarriage of justice to be presented before the Trial Court, otherwise there will be another miscarriage of justice.

Done this _18th_ day of January 2006

Respectfully submitted

_Marcelle Justin_

*Exhibit #1*

| State of Alabama<br>Unified Judicial System<br><br>Form CR-51(front)    Rev. 7/02 | **EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY**<br>(Non-Habitual Offender — Felony and Misdemeanor<br>Circuit or District Court) | Case Number<br><br>CC04-463AR |
|---|---|---|

IN THE **Circuit** _(Circuit or District)_ COURT OF **Montgomery** _(Name of County)_, ALABAMA

STATE OF ALABAMA v. **Marcelle Austin**
**Defendant**

---

**TO THE ABOVE-NAMED DEFENDANT:** The Court, having been informed that you wish to enter a plea of guilty in this case, hereby informs you of your rights as a criminal defendant.

<u>PENALTIES APPLICABLE TO YOUR CASE</u>

You are charged with the crime of **Reckless Murder**, which is a Class **A** ☑Felony ☐ Misdemeanor. The Court has been informed that you desire to enter a plea of guilty to ☑ this offense or ☐ to the crime of _____ which is a ☐ felony ☐ misdemeanor. The sentencing range for the above crime(s) is set out below:

| MISDEMEANOR | | FELONY | |
|---|---|---|---|
| Class A | Up to one (1) year imprisonment in the county jail, or a fine up to $2,000, or both. | Class A | Not less than ten (10) years and not more than life or ninety-nine (99) years imprisonment in the state penitentiary, and may include a fine not to exceed $20,000. |
| Class B | Up to six (6) months imprisonment in the county jail, or a fine up to $1,000, or both. | Class B | Not less than two (2) years and not more than twenty (20) year imprisonment in the state penitentiary, and may include a fine not to exceed $10,000. |
| Class C | Up to three (3) months imprisonment in the county jail, or a fine not to exceed $500, or both. | Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, and may include a fine not to exceed $5,000. |

**Crime Victims Assessment:** You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony and not less than $25 and not more than $1,000 for each misdemeanor for which you are convicted.

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☑**Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** Section 13A-5-6, Ala. Code 1975, provides for the enhancement of a punishment where a firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; For the commission of a Class B Felony, a term of imprisonment of not less than 10 years; For the commission of a Class C Felony, a term of imprisonment of not less than 10 years.

☐**Enhanced Punishment For Drug Sale Near School:** Section 13A-12-250, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years' imprisonment for each violation.

☐**Enhanced Punishment For Sales Of Controlled Substance To One Under 18:** Section 13A-12-215, Ala. Code 1975, provides that anyone convicted of selling, furnishing or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐**Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215 or 13A-12-231, Ala. Code 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or $2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to Section 13A-12-214 (unlawful possession of marijuana in the second degree), Section 32-5A-191(a)(3) or Section 32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐**Alcohol/Drug Related Offenses:** If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part or all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees by an indigent.

Original - Court File          Copy - Defendant          Copy - District Attorney          Copy - Defense Attorney

| Form CR-51 (back)    Rev. 7/02 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY |
|---|---|
| | (Non-Habitual Offender — Felony and Misdemeanor -- Circuit or District Court) |

☐ **DNA Samples for Criminal Offenses in Section 36-18-24:** Beginning May 6, 1994, Section 36-18-25(e), Ala. Code 1975, provides that, as of May 6, 1994, all persons convicted of any of the offenses set out in Section 36-18-24, shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ **DUI Offenses:** Beginning October 1, 1993, if you are convicted of a DUI offense pursuant to Section 32-5A-191, Ala. Code 1975, an additional fine of $100.00 will be assessed pursuant to Section 32-5A-191.1, Ala. Code 1975.

☐ **Drug Possession:** Beginning October 1, 1995, if you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in Sections 13A-12-211 to 13A-12-260, inclusive, Ala. Code 1975, an additional fee of $100.00 will be assessed pursuant to Section 36-18-7, Ala. Code 1975.

☐ **Other:** _____

### RIGHTS YOU HAVE AND THE WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You do not have to answer any questions. If you do answer questions knowing that you have a right to silence, you will have waived your right to remain silent.

You have the right to enter, or stand on if previously entered, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," or "Not Guilty and Not Guilty by Reason of Mental Disease or Defect" and have a public trial before a duly selected jury. The jury will decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State just as any other witness is subjected to cross examination. If you elect not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty.

If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE AND YOU WILL STAND GUILTY ON YOUR GUILTY PLEA. BY ENTERING A PLEA OF GUILTY, YOU WILL ALSO WAIVE YOUR RIGHT TO APPEAL, UNLESS (1) YOU HAVE, BEFORE ENTERING THE PLEA OF GUILTY, EXPRESSLY RESERVED THE RIGHT TO APPEAL WITH RESPECT TO A PARTICULAR ISSUE OR ISSUES, IN WHICH EVENT APPELLATE REVIEW SHALL BE LIMITED TO A DETERMINATION OF THE ISSUE OR ISSUES RESERVED, OR (2) YOU HAVE TIMELY FILED A MOTION TO WITHDRAW THE PLEA OF GUILTY AFTER PRONOUNCEMENT OF SENTENCE ON THE GROUND THAT THE WITHDRAWAL IS NECESSARY TO CORRECT A MANIFEST INJUSTICE, AND THE COURT HAS DENIED YOUR MOTION TO WITHDRAW YOUR PLEA, OR THE MOTION HAS BEEN DEEMED DENIED BY OPERATION OF LAW.

IF YOU HAVE A RIGHT TO APPEAL UNDER ONE OF THE CONDITIONS ABOVE AND YOU ARE DETERMINED BY THE COURT TO BE INDIGENT, COUNSEL WILL BE APPOINTED TO REPRESENT YOU ON APPEAL IF YOU SO DESIRE AND IF THE APPEAL IS FROM A CIRCUIT COURT JUDGMENT OR SENTENCE, A COPY OF THE RECORD AND THE REPORTER'S TRANSCRIPT WILL BE PROVIDED AT NO COST TO YOU.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

_6-28-04_ _____    _____
Date                                                              Judge

### ATTORNEY'S CERTIFICATE

I certify that the above was read to the defendant by me; that I explained the penalty or penalties to the defendant, that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and, to my knowledge, no one else has done so.

_6-21-04_ _____    _____
Date                                                              Attorney
                                                                      SMi 220

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope or reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

_6-21-04_ _____    _____
Date                                                              Defendant

| State of Alabama<br>Unified Judicial System | **EXPLANATION OF RIGHTS AND PLEA OF GUILTY**<br>(Non-Habitual Offender — Felony and Misdemeanor<br>Circuit or District Court) | **Case Number**<br>CC 05-561-PR |
|---|---|---|
| Form CR-51(front)    Rev. 7/02 | | |

IN THE ___CIRCUIT___ COURT OF ___MONTGOMERY___, ALABAMA
    (Circuit or District)                (Name of County)

STATE OF ALABAMA v. ___JASON DEREK BARCO___
                                **Defendant**

**TO THE ABOVE-NAMED DEFENDANT:** The Court, having been informed that you wish to enter a plea of guilty in this case, hereby informs you of your rights as a criminal defendant.

### PENALTIES APPLICABLE TO YOUR CASE

    You are charged with the crime of ___Reckless Murder___ which is a Class ___A___ ☑ Felony ☐ Misdemeanor. The Court has been informed that you desire to enter a plea of guilty ☐ this offense or ☐ to the crime of _____ which is a ☑ felony ☐ misdemeanor. The sentencing range for the above crime(s) is set out below:

| MISDEMEANOR | | FELONY | |
|---|---|---|---|
| **Class A** | Up to one (1) year imprisonment in the county jail, or a fine up to $2,000, or both. | **Class A** | Not less than ten (10) years and not more than life or ninety-nine (99) years imprisonment in the state penitentiary, and may include a fine not to exceed $20,000. |
| **Class B** | Up to six (6) months imprisonment in the county jail, or a fine up to $1,000, or both. | **Class B** | Not less than two (2) years and not more than twenty (20) year imprisonment in the state penitentiary, and may include a fine not to exceed $10,000. |
| **Class C** | Up to three (3) months imprisonment in the county jail, or a fine not to exceed $500, or both. | **Class C** | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, and may include a fine not to exceed $5,000. |

**Crime Victims Assessment:** You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony and not less than $25 and not more than $1,000 for each misdemeanor for which you are convicted.

    This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☐ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** Section 13A-5-6, Ala. Code 1975, provides for the enhancement of a punishment where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; For the commission of a Class B Felony, a term of imprisonment of not less than 10 years; For the commission of a Class C Felony, at term of imprisonment of not less than 10 years.

☐ **Enhanced Punishment for Drug Sale Near School:** Section 13A-12-250, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years' imprisonment for each violation.

☐ **Enhanced Punishment For Sales Of Controlled Substance To One Under 18:** Section 13A-12-215, Ala. Code 1975, provides that anyone convicted of selling, furnishing or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215 or 13A-12-231, Ala. Code 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or $2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to Section 13A-12-214 (unlawful possession of marijuana in the second degree), Section 32-5A-191(a)(3) or Section 32-5A-191(a)(4)(DUI) offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ **Alcohol/Drug Related Offenses:** If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education or treatment and to pay for the evaluation and any program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any condition of probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part or all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees by an indigent.

Original - Court File    Copy - Defendant    Copy - District Attorney    Copy - Defense Attorney

*Exhibit "4"*

| Form CR-51 (back)    Rev. 7/02 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY |
| --- | --- |
| | (Non-Habitual Offender — Felony and Misdemeanor — Circuit or District Court) |

☐ **DNA Samples for Criminal Offenses in Section 36-18-24:** Beginning May 6, 1994, Section 36-18-25(e), Ala. Code 1975, provides that, as of May 6, 1994, all persons convicted of any of the offenses set out in Section 36-18-24, shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ **DUI Offenses:** Beginning October 1, 1993, if you are convicted of a DUI offense pursuant to Section 32-5A-191, Ala. Code 1975, an additional fine of $100.00 will be assessed pursuant to Section 32-5A-191.1, Ala. Code 1975,

☐ **Drug Possession:** Beginning October 1, 1995, if you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in Sections 13A-12-211 to 13A-12-260, inclusive, Ala. Code 1975, an additional fee of $100.00 will be assessed pursuant to Section 36-18-7, Ala. Code 1975.

☐ **Other:**_____

### RIGHTS YOU HAVE AND THE WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You do not have to answer any questions. If you do answer questions knowing that you have a right to silence, you will have waived your right to remain silent.

You have the right to enter, or stand on if previously entered, a plea of "Not Guilty" and "Not Guilty by Reason of Mental Disease or Defect," or "Not Guilty and Not Guilty by Reason of Mental Disease or Defect" and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State just as any other witness is subjected to cross examination. If you elect not to testify, no one but your attorney can call attention to that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty.

If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

**IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE AND YOU WILL STAND GUILTY ON YOUR GUILTY PLEA. BY ENTERING A PLEA OF GUILTY, YOU WILL ALSO WAIVE YOUR RIGHT TO APPEAL, UNLESS (1) YOU HAVE, BEFORE ENTERING THE PLEA OF GUILTY, EXPRESSLY RESERVED THE RIGHT TO APPEAL WITH RESPECT TO A PARTICULAR ISSUE OR ISSUES, IN WHICH EVENT APPELLATE REVIEW SHALL BE LIMITED TO A DETERMINATION OF THE ISSUE OR ISSUES RESERVED, OR (2) YOU HAVE TIMELY FILED A MOTION TO WITHDRAW THE PLEA OF GUILTY AFTER PRONOUNCEMENT OF SENTENCE ON THE GROUND THAT THE WITHDRAWAL IS NECESSARY TO CORRECT A MANIFEST INJUSTICE, AND THE COURT HAS DENIED YOUR MOTION TO WITHDRAW YOUR PLEA, OR THE MOTION HAS BEEN DEEMED DENIED BY OPERATION OF LAW.**

**IF YOU HAVE A RIGHT TO APPEAL UNDER ONE OF THE CONDITIONS ABOVE AND YOU ARE DETERMINED BY THE COURT TO BE INDIGENT, COUNSEL WILL BE APPOINTED TO REPRESENT YOU IF YOU SO DESIRE AND IF THE APPEAL IS FROM A CIRCUIT COURT JUDGMENT OR SENTENCE, A COPY OF THE RECORD AND THE REPORTER'S TRANSCRIPT WILL BE PROVIDED AT NO COST TO YOU.**

**IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.**

_____    11-1-05    _____
Date                                              Judge

### ATTORNEY'S CERTIFICATE

I certify that the above was read to the defendant by me; that I explained the penalty or penalties to the defendant, that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and, to my knowledge, no one else has done so.

_10/27/05_____    _____
Date                                              Attorney

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope or reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

_10/27/05_____    _____
Date                                              Defendant

*Exhibit 5*

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,　　　　　　　　）
　　　　Plaintiff,　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　）
V　　　　　　　　　　　　　　　　　　　）　　CC NO. 05-0561-CNP
　　　　　　　　　　　　　　　　　　　　）
JASON D. BARCO,　　　　　　　　　　　）
　　　　Defendant.　　　　　　　　　　　）

## NOTICE OF
## DISCOVERY TO DEFENDANT,
## INTENT TO USE PRIOR CONVICTIONS,
## INTENT TO INVOKE SENTENCING ENHANCEMENTS,
## INTENT TO OFFER PROOF BY A CERTIFICATE OF ANALYSIS, and
## MOTION FOR DISCOVERY BY THE STATE

COMES NOW the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and gives notice as to the following:

[ ✓ ] 1.　　Pursuant to Rule 16.1, A.R.Cr.P., and as otherwise required by law, all available discovery has been provided or made available to the Defendant's counsel of record. Physical evidence, photographs, video tapes of crime scene and/or statements of Defendant if any, are in the custody of the investigating law enforcement agency or the Alabama Department of Forensic Sciences. Arrangements for copies of photographs and/or video tapes or inspections of physical evidence may be made by contacting the undersigned.

The State has furnished a copy of the discovery to Defense Counsel. This material is page numbered sequentially from 000001 to __474__. (Pages __361-364,  385-388__

have not been provided as they are either work product and/or NCIC, which cannot be provided pursuant to state law, unless ordered by the Court.) The State of Alabama considers this discovery material to have been received ~~in its entirety by Defense Counsel unless~~ promptly notified in writing of any discrepancies.

[ ✓ ] 2.　　The State intends to use at trial any and all prior convictions, crimes, wrongs, or acts of the Defendant for those uses permitted by Rules 404(b) and 609 of the A.R.E., and as otherwise allowed by law. The State is presently aware of, and ~~intends to use~~ the following:

Burg. I    1997   Mgm
TOP I    1997   Mgm
Att. murder 2000  Mgm
Discharging Gun Occ veh 2000mgm

JULY 2005
Filed
Melissa ... enour
Circuit Clerk

1

[✓] 3.    The State intends to invoke all sentencing enhancements required or permitted by law, including, the Habitual Felony Offender Act based on any applicable felony convictions, known and/or any convictions which may subsequently be discovered and/or disclosed. And, if applicable, the following:

           (✓)   Enhancement for use of firearm or deadly weapon. Minimum term of imprisonment of __20__ years.

           (___)   Five Year Enhancement for Sale of Drugs within three (3) miles of a school, 13A-12-250.

           (___)   Five Year Enhancement for Sale of Drugs within three (3) miles of housing project, 13A-12-270.

           (___)   $1,000.00 Fine, 13A-12-281.

           (___)   $2,000.00 Fine, 13A-12-281.

           (___)   Suspension of Driver's License, 13A-12-290.

           (___)   Five Year Enhancement for Possession of Firearm, 13A-12-231(13).

[____] 4.    Pursuant to Sections 12-21-300 through 303, Code of Alabama, written notice is hereby given of the State's intent to offer proof by a certificate of analysis in lieu of direct testimony. The certificate of analysis is from the Alabama Department of Forensic Sciences and is included in the provided discovery material.

[✓] 5.    Pursuant to rules 16.2 and 16.4(c), A.R.Cr.P., and as otherwise required by law, the State requests a copy of all discovery to which it is entitled and hereby moves this Honorable Court for an order granting same to the State.

       Respectfully submitted, this ____*16*____ day of April 2005.

                            ELEANOR I. BROOKS
                            District Attorney

                 by:    _____
                            DARYL D. BAILEY
                            Chief Deputy District Attorney

### CERTIFICATE OF SERVICE

       I hereby certify that a true copy of the above and foregoing was served upon the Honorable Barry Teague, Counsel for the Defendant, by hand delivery; or by placing same in the appropriate Courthouse Box; or by posting same in the United States mail, postage prepaid and properly addressed to said Counsel; on this the ____*16*____ day of April 2005.

                 by:    _____
                            DARYL D. BAILEY
                            Chief Deputy District Attorney

 

```
ACR0372            ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2005 000561.
OPER: REG          CASE ACTION SUMMARY                    RUN DATE: 04/18/20
PAGE:  1              CIRCUIT   CRIMINAL
                                                                    JUDGE: C
IN THE CIRCUIT COURT OF MONTGOMERY

STATE  OF  ALABAMA              VS      BARCO JASON DEREK
                                       2344 CEDARWOOD LN
CASE: CC 2005 000561.00
                                       MONTGOMERY, AL  36116 0000

DOB: 07/03/1980        SEX: M  RACE: W  HT: 6 02  WT: 200   HR: BRO EYES: HZ
SSN: 506156291  ALIAS NAMES:
CHARGE01: MURDER              CODE01: MURD  LIT: MURDER          TYP: F #: 0C
CHARGE02: MURDER              CODE02: MURD                       TYP: F #: 0C
OFFENSE DATE: 12/14/2003           AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                   DATE ARRESTED: 12/15/2003
DATE    INDICTED: 04/15/2005        DATE    FILED: 04/18/2005
DATE    RELEASED: 02/23/2004        DATE  HEARING:
BOND    AMOUNT:    $80,000.00 P        SURETIES: JUDY R.BARCO

DATE 1:            DESC:             TIME: 0000
DATE 2: 04/28/2005  DESC: APPT       TIME: 0200 P

TRACKING NOS: DC 2003 003486 00  /

    DEF/ATY: TEAGUE BARRY            TYPE: R                      TYPE:
             P O BOX 586
             138 ADAMS AVENUE
             MONTGOMERY     AL 36101                     00000

PROSECUTOR:


OTH CSE: DC200300348600 CHK/TICKET NO: 2003-2080    GRAND JURY: 233
COURT REPORTER:                SID NO:    000000000
DEF STATUS: BOND               DEMAND:                          OPER: REG
DATE        ACTIONS, JUDGEMENTS, AND NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 4/28/05 | Appointment of Counsel was today, Attorney Barry Teague was retained to represent the defendant. |
| 5/12/05 | Status was today, Trial is reset for 8/15/05 @ 8:30 a.m. |
| | Charles Price |



ACR0369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2005 000561.
JUDGE ID:  CNP

STATE OF ALABAMA                    VS      BARCO JASON DEREK

| DATE | ACTION, JUDGMENTS, CASE NOTES |
| --- | --- |
| 22 Aug 05 | Granted Δ's Motion to compel prosecution to produce video tapes. |

## In The Circuit Court of Montgomery County, Alabama

Marcelle Austin           |
     Petitioner,        |
                   |
Vs.                       | Case No.CC-04-463.60
                   |
State of Alabama          |
     Respondent          |



### Response to State's Answer to Petitioner's Relief from Conviction and Sentence

Comes now the petitioner Marcelle Austin, and respectfully moves this Honorable Court pursuant to this his answer to the State's response to his Rule 32-Petition. Here we find that the Assistant District Attorney Michael Dean, and Petitioner's Assistant Trial Counsel has committed perjury in his response, and her affidavit. The ADA Michael Dean and Second Trial Counsel Aimee C. Smith has stated before this Honorable Court, that there was no deal made by the petitioner Marcelle Austin, the police, prosecutor and the Honorable Court. But there is evidence in the Motion to Reconsider Sentence in Exhibit 6, of the State's response that proves that there was a binding agreement made by police, DA's office, and the Honorable Court, see Exhibit 6; Exhibit 6, of the State's response, states that petitioner assisted the police by offering information about a separate murder. The defendant was only considered as a witness in this other matter, and readily provided information to the police. The police were eager to talk to the petitioner, and the Petitioner completed his assistance (which would put his family in grave danger) would be considered...
Favorably by the DA, Probation officer, and this Honorable Court during sentencing.

    Exhibit 6 would also show that the Trial Court Judge was aware of a deal being struck for information in return for a binding plea bargain, which the Judge and ADA has repudiated that agreement after receiving the information they did from Petitioner.

    Nevertheless of how said agreement was inadvertently breached by the police, ADA and Trial Judge, that does not lessen its disingenuous impact, see Ex Parte Varber,437 So.2d 1330(Ala. 1983); Ex Parte Sides. 501 So.2d 1262(Ala. 1996). Therefore, by the State taking action, and Petitioner in determent reliance upon such agreement bargain, said oral or written contract, and Petitioner acceptance to said plea, that agreement became binding and judicially enforceable, see Ex Parte Johnson, 669 So.2d.205 (Ala. Crim.App.1995): Waldrop-v-State, 54 Ala. App. 163.306 So.2d.29 (Ala.Crim.App.1974).Cert.denied.293 Ala.777.306.So.2d.33 (1975).

    Although the State does not have to enter into any plea agreement with persons, but once they do as in this case, they should not afterwards be legally allowed to repudiate that agreement was through a belated inadvertence by the

court, at sentencing, it is therefore breeched and void. This Honorable Court knew that all parties had come into the agreement with the police, DA and the Trial Court, and the Petitioner kept his part of the bargain, but the Trial Court didn't. See Exhibit 6;

The Trial Court Judge even prohibited the Petitioner from exercising his 5th Amendment Constitutional right to remain silent and not incriminate of be a witness against himself, when he made the Petitioner tell him what happened during the Collowy proceeding, and this was a plea bargain. Petitioner's position is supported through his 5th Amendment right under the premise of Santobello-v-New York, 404 U.S. 257. 92 S. Ct. 495.30 L.Ed.2d. 427(1971), which has held that when a guilty plea rests in any significant degree on a promise or agreement of the prosecutor's office, so that a promise or agreement must be fulfilled. Petitioner and all parties to this action of his Rule 32-Petition know that the court has violated the conditions of the negotiated plea bargain, and that ADA and second Counsel Aimee C. Smith has committed perjury in this Court with the affidavit she filed in State's response (Exhibit 1), and the signature that she signed to terms in (Exhibit 6), of the State's response. And ADA Michael Dean, for filing these false statements in his response before this Honorable Court.

Petitioner Further submits before this Honorable Court that in order to enhance the sentence that the trial court gave him, his indictment should have contained the applicable statute of 13A-5-b (A) (5) Code of Alabama1975, which is the firearm enhancement. It has been long settled by the Alabama Court of Criminal Appeals and the Supreme Court of Alabama, that if a defendant's sentence could be enhanced under any of the applicable enhancement statutes, the defendant should be informed of the additional sentence he could receive. Elrod-v-State, 629 So.2d.58.59 (Ala.Cr.App.1993): White-v-State. 563 So.2d.3.4. (Ala.Cr.App.1989): Smith-v-State.494 So.2d.182 (Ala.Cr.App.1986). This Court has not complied with any of these laws or statutes in evaluating the conditions of the sentencing impose.

### In Conclusion

This Court has violated laws, statutes, and the plea agreement that was negotiated, which the court has made a mockery of the system that citizens look for to demonstrate dignity and integrity. The members of this action have showed poor performance in the respects of the law, and have prejudice the Petitioner to a fair and impartial hearing.


Done this /8th day of January 2005          Respectfully submitted
                                            Marcelle Austin

IN THE CIRCUIT COURT OF _Montgomery_ COUNTY, ALABAMA
NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS OF ALABAMA

_Marcel Austin_ , :
APPELLANT,

VS.                                     :

                                        : CASE NO. _CC-04-463.60 CNP_

STATE OF ALABAMA,                       :
            APPELLEE.                    _January 3, 2006_
                                        : DATE OF DENIAL

NOTICE OF APPEAL

Notice is hereby given that _Marcel Austin_

appeals to the above - named court from the judgment of denial

of _Rule 32-Petition For Relief From Conviction : Sentence_

ENTERED IN THIS CAUSE ON THE _13th_ day of _January 3, 2006_ ,

20_06_ .

_____

_____

Dated: _January 13, 2006_

I am, this date, serving a copy of the foregoing on all parties

required by the A.R.A.P., via United States Mail, first class and

probably addressed.

Respectfully submitted,

_Marcel Austin_

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C 8/91 | **REPORTER'S TRANSCRIPT ORDER -- CRIMINAL**<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>_____ - _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN. _Montgomery_ _____ **COUNTY**

☑ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF

_Marcel Austin_ , **Appellant**

**V.**  ☑ STATE OF ALABAMA  ☐ MUNICIPALITY OF _State of Alabama_

| Case Number<br>_CC-04-463.60 CRP_ | Date of Judgment/Sentence/Order<br>_January 3, 2006_ |

| Date of Notice of Appeal<br>Oral: _____ Written: _January 13, 2006_ | Indigent Status Granted:<br>☑ Yes  ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY **(1)** THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR **(2)** THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

_Marcel Austin_ _____ _January 13, 2006_ ___ _Marcel Austin_
Signature ___ Date ___ Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

**MARK PROCEEDINGS REQUESTED:**  **COURT REPORTER(S)**

**A.** ☐ **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

**B.** ☐ **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

**C.** ☐ **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| **D.** _____ | _____ | _____ |
| **E.** _____ | _____ | _____ |
| **F.** _____ | _____ | _____ |
| **G.** _____ | _____ | _____ |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY **(1)** THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR **(2)** THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, **(3)** THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_Marcel Austin_ _____ _January 13, 2006_ ___ _Marcel Austin_
Signature ___ Date ___ Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: **(1)** Clerk of the Court of Criminal Appeals, **(2)** the District Attorney, **(3)** the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and **(4)** to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

| State of Alabama<br>Unified Judicial System<br>Form ARAP-26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br><br>_____ . _____ |

## A. GENERAL INFORMATION:

[✓] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF  *Montgomery*  COUNTY

*Marcel Austin* , Appellant

v.  [✓] STATE OF ALABAMA  [ ] MUNICIPALITY OF  *State of Alabama*

| Case Number<br>*CC-04-463.60 CNP* | Date of Complaint or Indictment<br>*N/A* | Date of Judgment/Sentence/Order<br>*January 3, 2006* |
| Number of Days of Trial/Hearing<br>*N/A*  Days | Date of Notice of Appeal<br>Oral: | Written: *January 13, 2006* |
| Indigent Status Requested: [✓] Yes [ ] No | | Indigent Status Granted: [✓] Yes [ ] No |

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  [ ] Appointed  [ ] Retained.   If no attorney, will appellant represent self?  [ ] Yes  [ ] No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)<br>*Marcel Austin Pro-Se* | Telephone Number |
| Address<br>*P.O. Box 5107* | City<br>*Union Springs* | State<br>*AL* | Zip Code<br>*36089* |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
| Codefendant *N/A* | Case Number *N/A* |
| Codefendant | Case Number |

## D. TYPE OF APPEAL:  Please check the applicable block.

1 [ ] State Conviction
2 [✓] Post-Conviction Remedy
3 [ ] Probation Revocation
4 [ ] Pretrial Order
5 [ ] Contempt Adjudication
6 [ ] Municipal Conviction
7 [ ] Juvenile Transfer Order
8 [ ] Juvenile Delinquency
9 [ ] Habeas Corpus Petition
10 [ ] Other (Specify)

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [ ] Capital Offense - §
2 [ ] Homicide - §
3 [ ] Assault - §
4 [ ] Kidnapping/Unlawful Imprisonment - §
5 [ ] Drug Possession - §
6 [ ] Trafficking in Drugs - §
7 [ ] Theft - §
8 [ ] Damage or Intrusion to Property - §
9 [ ] Escape - §
10 [ ] Weapons/Firearms - §
11 [ ] Fraudulent Practices - §
12 [ ] Offense Against Family - §
13 [ ] Traffic - DUI - §
14 [ ] Traffic - Other - §
15 [ ] Miscellaneous (Specify): ____ - §

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?  [ ] Yes  [ ] No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  [✓] Yes  [ ] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. *January 13, 2006* (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  [✓] Yes  [ ] No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  [ ] Yes  [ ] No

NOTE:  If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

m ARAP- 26 (back)    3/91

### COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

OST-JUDGMENT MOTIONS: List all post-judgment motions by date of filing, type, and date of disposition whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP1):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 8 | 3 | 2005 | Rule 32 - Petition | 1 | 3 | 2006 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

ATURE OF THE CASE: Without argument, briefly summarize the facts of the case.

Petitioner made a deal with the state to co-operate with them on solving another murder case, in return for a 20-split 5-years in prison. Petitioner did his part in the negotiation, and the court sentanced him to a 45-year sentance, with a gun enhancement. He was also prejudiced, because this same Judge gave a white defendant 15-years split 3-years to serve, with his same conviction of murder, and the white defendant had 4-priors, and petitioner had none.

SUE(S) ON APPEAL: Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

1. The court was without jurisdiction to impose the sentance that they did;

2. The trial court violated the terms of the negotiated plea that was agreed to for his plea of guilty;

3. The trial court had no jurisdiction to enhance the petitioner's sentance for the use of a gun;

4. Void indictment give the court no jurisdiction to proceed in this case;

SNATURE: Marcel Austin

January 13, 2006        Marcel Austin

Signature of Attorney/Party filing this form

ACR371

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS AUSTIN MARCEL                    JUDGE: CHARLES PRICE

APPEAL DATE: 01/13/2006

INDIGENCY STATUS:
  GRANTED INDIGENCY STATUS AT TRIAL COURT:        __X__ YES    _____ NO
  APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  _____ YES    __X__ NO  N/A
  INDIGENT STATUS REVOKED ON APPEAL:              _____ YES    __X__ NO
  INDIGENT STATUS GRANTED ON APPEAL:              __X__ YES    _____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 2004 000463.60

ORDER ENTERED(DATE): 01032006 PETITION: __DISMISSED  X DENIED  __GRANTED

POST-JUDGMENT MOTIONS FILED:    DT FILED        DT DENIED        CON BY AGREE
____ MOTION FOR NEW TRIAL       _____       _____        _____
____ MOTION FOR JUDG. OF ACQUIT _____       _____        _____
____ MOTION TO W/D GUILTY PLEA  _____       _____        _____
____ MOTION FOR ATTY TO W/DRAW  _____       _____        _____
____ OTHER _____            _____       _____        _____

COURT REPORTER(S):
ADDRESS:

APPELLATE COUNSEL #1:           PRO SE
ADDRESS:
                                              ,        00000
PHONE NUMBER:                   000-000-0000

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:

APPELLANT (PRO SE):             AUSTIN MARCEL
ADDRESS:                        BULLOCK C.F.
                                UNIONSPRINGS  ,  AL  360890000
AIS #:                          236470

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED                OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY                    PREPARED: 02/06/2006
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 6th DAY OF _FEB_, 2006            CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14 Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |
|---|---|---|

| TO: THE CLERK OF<br>    THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: | 01-13-06 |
|---|---|---|
| APPELLANT                          MARCEL AUSTIN | | |
| v. STATE OF ALABAMA | | |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of __120__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this____14th____ day of __FEBRUARY__, __2006__.


_____
Circuit Clerk

Rel05/12/2006
Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**MEMORANDUM**

CR-05-0850                    Montgomery Circuit Court CC-04-463.60

<u>Marcel Austin v. State of Alabama</u>

Baschab, Judge.

On June 21, 2004, the appellant pled guilty to reckless murder. On August 6, 2004, applying the firearm/deadly weapon enhancement set forth in §13A-5-6(a)(4), Ala. Code 1975, the trial court sentenced him to serve a term of forty-five years in prison. The appellant filed a notice of appeal, but we dismissed his appeal and issued a certificate of judgment on November 10, 2004. <u>See</u> <u>Austin v. State</u>, (CR-03-2078) 923 So. 2d 356 (Ala. Crim. App. 2004) (table). On August 1, 2005, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied the petition. This appeal followed.

The appellant argues that his trial attorneys rendered ineffective assistance. Specifically, he contends that the attorneys did not adequately investigate his case and that he only pled guilty because "a full Reverse Split sentence was placed before [him], ... the State ha[d] made it clear that

**EXHIBIT**

<u>A-1</u>

PENGAD-Bayonne,NJ

Page 1

they would remain silent ... [and he] was fully told that he would go home with this plea."₁    (Appellant's brief at pp. 9-10.)    To prevail on an ineffective-assistance-of-counsel claim, the appellant must show that his trial attorneys' performance was deficient and that his attorneys' deficient performance prejudiced him.    See Brown v. State, 663 So. 2d 1028 (Ala. Crim. App. 1995) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

> "'[A] court deciding an actual ineffectiveness claim
> must judge the reasonableness of counsel's challenged
> conduct on the facts of the particular case, viewed
> as of the time of counsel's conduct.'    Strickland,
> 466 U.S. at 690, 104 S. Ct. at 2066; see also, O'Neil
> v. State, 605 So. 2d 1251 (Ala. Crim. App. 1992).
> There is a strong presumption that counsel's conduct
> was appropriate and reasonable.    Hallford v. State,
> 629 So. 2d 6, 9 (Ala. Crim. App. 1992), cert. denied,
> [511] U.S. [1100], 114 S. Ct. 1870, 128 L. Ed. 2d 491
> (1994); Luke v. State, 484 So. 2d 531, 534 (Ala.
> Crim. App. 1985).    '[A] court must indulge a strong
> presumption that counsel's conduct falls within the
> wide range of reasonable professional assistance.'
> Strickland, 466 U.S. at 689-90, 104 S. Ct. at 2065.
> Moreover, 'strategic choices made after a thorough
> investigation of relevant law and facts are virtually
> unchallengeable.'    Ex parte Lawley, 512 So. 2d 1370,
> 1372 (Ala. 1987)."

Brown, 663 So. 2d at 1032.

In its order denying the petition, the circuit court found as follows:

> "It is the Court's understanding that there
> originally was a deal made between the Petitioner and
> the State.    However, the Petitioner has apparently
> misstated the terms of that agreement. Ms. Aimee
> Smith, one of the attorneys for the Petitioner, spoke
> with the Montgomery Police Department on the
> Petitioner's behalf in order to secure a lesser
> charge for the Petitioner (State's Exhibit I).
> According to Ms. Smith, the Petitioner gave a
> statement regarding his involvement, but was not
> forthcoming in his statement.    (State's Exhibit I).
> The police, through the District Attorney's office,
> did ask the Petitioner for information about another
> case.    (State's Exhibit I).    Ms. Smith states that

she was seeking a charge of Manslaughter, and that the police were willing to consider Murder. (State's Exhibit I). The subsequent agreement between the Petitioner and the State was that, if the Petitioner provided information about this other case, and this information could be corroborated by another individual, then the State would consider standing silent at the Petitioner's sentencing, and it would not oppose a recommendation of a reverse split. (State's Exhibit I). The State did not agree to a split sentence. Nor did Ms. Smith promise the Petitioner that he would get a split sentence. (State's Exhibit I). The Petitioner did provide a statement to the police, and he was ultimately indicted for Murder. However, the information given by the Petitioner could not be supported by another witness, as required by the agreement, and the sentencing portion of the agreement was rendered a nullity. (See State's Exhibit I). Ms. Smith also states that she spoke with victim representatives who were willing to accept or support the sentence the Court deemed appropriate. (State's Exhibit I). However, the support for, or acceptance of, a split sentence by a victim's representative hardly creates a sentencing agreement between a defendant and the State. Moreover, to the extent that there was an agreement between the Petitioner and the State, that agreement was only that the State would consider standing silent at sentencing and not opposing a reverse split sentence. (State's Exhibit I). There is no evidence in the transcripts of either the Petitioner's plea colloquy or sentencing hearing or in Ms. Smith's affidavit to indicate that there was ever an agreement between the Petitioner and the State for a split sentence. (State's Exhibits A and I).

"Ultimately, there is only the Petitioner's claim that there was an agreement for a split sentence, and this is contradicted by Ms. Smith's affidavit which states the agreement was only that the State agreed to consider standing silent and withhold opposition to a reverse split sentence under the aforementioned agreement. It should again be noted that the Petitioner failed to abide by the terms of the agreement he did have with the State. As Ms. Smith states in her affidavit, if the agreement had been completed, or if there had been any further

agreement, it would have been written on the back of
the Explanation of Rights and Plea of Guilty Form,
and the Court would have been informed of the
agreement on the record. (State's Exhibit I). There
is no mention of any agreement in either the
transcript of the Petitioner's plea colloquy or
sentencing hearing, nor is there any indication of
the existence of a completed, or new, deal between
the Petitioner and the State. (State's Exhibits A
and F). The Petitioner failed to live up to the
bargain he had with the State. Thus, he is not
entitled to the benefit of that bargain nor is he
entitled to have the State, or the Court, adhere to
an agreement that was never made.

".....

"In his petition, the Petitioner claims that his
attorneys, Mr. Richard Keith and Ms. Aimee Smith,
were ineffective. (P. at 1). To prevail on a claim
of ineffective assistance of counsel, a defendant
must show that his counsel's performance was
deficient and that he was prejudiced by that
deficient performance. Strickland v. Washington, 466
U.S. 668 (1984). When the Court is reviewing a claim
of ineffective assistance of counsel, it must indulge
a strong presumption that counsel's conduct was
appropriate and reasonable. In Strickland, the
United States Supreme Court said,

> "'Judicial scrutiny of counsel's
> performance must be highly deferential. It
> is all too tempting for a defendant to
> second-guess counsel's assistance after
> conviction or adverse sentence, and it is
> all too easy for a court, examining
> counsel's defense after it has proved
> unsuccessful, to conclude that a particular
> act, or omission of counsel was
> unreasonable. A fair assessment of
> attorney performance requires that every
> effort be made to eliminate the distorting
> effects of hindsight, to reconstruct the
> circumstances of counsel's challenged
> conduct, and to evaluate the conduct from
> counsel's perspective at the time. Because
> of the difficulties inherent in making the
> evaluation, a court must indulge a strong

presumption that counsel's conduct fall
within the wide range of reasonable
professional assistance; that is, the
defendant must overcome the presumption
that, under the circumstances, the
challenged action "might be considered
sound trial strategy." There are countless
ways to provide effective assistance in any
given case. Even the best criminal defense
attorneys would not defend a particular
client in the same way.'

"Strickland, 466 U.S. at 689 (internal citations
omitted). 'Counsel's conduct must be considered
within the context of the facts of the particular
case and as of the time of the alleged misconduct.'
Ex parte Baldwin, 456 So. 2d 129, 134 (Ala. 1984),
aff'd, 472 U.S. 373 (1985).

"Even if deficient performance is proven, a showing
of prejudice is also required. Prejudice is proven
only when there 'exists a reasonable probability
that, but for counsel's unprofessional errors, the
result of the proceeding would have been different.'
Burnett v. State, 651 So. 2d 57, 58 (Ala. Crim. App.
1994) (citing Strickland, 466 U.S. at 694). A
claimant must show that 'but for' counsel's deficient
performance the results of the proceedings would have
been different. Howard v. State, 551 So. 2d 1155,
1158 (Ala. Crim. App. 1989). To prove prejudice, the
alleged errors of counsel must upset the adversarial
balance between defense and prosecution so much so
that the outcome of the case is rendered unfair. See
Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)
(citing Kimmelan v. Morrison, 477 U.S. 365, 374
(1986)). In addition to the showing required by
Strickland, the Petitioner also must show that 'but
for counsel's errors, he would not have pleaded
guilty but would have insisted on proceeding to
trial.' Pugh v. State, 729 So. 2d 359, 360 (Ala.
Crim. App. 1998) (citing Hill v. Lockhart, 474 U.S.
52 (1985)).

"The Petitioner alleges that counsel was ineffective
because they were not prepared in that they did not
conduct an investigation of the case or explore all
the facts relevant to guilt and punishment. (P. at
5). The Petitioner claims he was not informed of the

minimum and maximum ranges of punishment, including the applicability of the firearm enhancement. (P. at 2-4). The Petitioner concludes by claiming that, because he was misinformed before he entered his plea, he was denied effective assistance of counsel. (P. at 5).

"To support the proposition that he was denied effective assistance of counsel because he was misinformed, the Petitioner cites to Brown v. State, 810 So. 2d 800 (Ala. Crim. App. 2000), which in turn cited Pugh, 729 So. 2d 359. However, the Petitioner misreads these cases. In Brown, the petitioner claimed his counsel was ineffective because counsel misinformed Brown about whether or not Brown would receive credit for 'good-time' on his sentence. Brown, 810 So. 2d at 801. The Court of Criminal Appeals ruled that because the State did not refute Brown's claim, it must be taken as true. Id. (emphasis added). Accordingly, the Petitioner was entitled to a hearing on his claim. Id. A similar situation occurred in Pugh, where the petitioner claimed his attorney was ineffective because the attorney told Pugh that he would be eligible for good time and that he would serve no more than 65 months. Pugh, 729 So. 2d at 360. Again, the State did not refute this claim, and the Court of Criminal Appeals determined that Pugh was entitled to consideration of the merits of his claim. Id. at 360-61.

"However, this case is unlike the situations presented in Brown and Pugh in that the Petitioner was informed by counsel of the maximum and minimum ranges of punishment for his offense, including the applicability of the firearm enhancement. The Petitioner acknowledged that he understood the range of punishment and the applicability of the firearm enhancement when he signed the Explanation of Rights and Plea of Guilty form. He again acknowledged ..., when addressing the Court, that he understood the potential sentence he was facing. Moreover, unlike in Brown and Pugh, the State does refute the Petitioner's claim, and the Court is not required to accept his claim as true.

"The Petitioner was informed of the sentencing range in this case, including the applicability of the firearm enhancement. He also acknowledged that he

was satisfied with his attorneys' representation in writing on the Explanation of Rights and Plea of Guilty form, and he made that same representation directly to the Court.  The Petitioner, after he was sentenced, through a representative, continued to seek Ms. Smith's assistance with his case.  (State's Exhibit I).  After the Court pronounced sentence, Ms. Smith argued for a lesser sentence.  (State's Exhibit A at 23-25).  Ms. Smith also filed a timely Motion to Reconsider Sentence on August 16, 2004.  (State's Exhibit G).  She and Mr. Keith offered the Petitioner the opportunity to withdraw his guilty plea on multiple occasions.    (State's Exhibit I).  The Petitioner refused.  (State's Exhibit I).  There is no actual evidence, other than the Petitioner's claim itself, that either Ms. Smith or Mr. Keith were ineffective in their representation.

"While proclaiming the ineffectiveness of his attorneys, the Petitioner does not mention that multiple witnesses observed him commit the offense. Nor does he mention that he was originally charged with Capital Murder, but was ultimately indicted for Murder, thanks in part to the efforts of Ms. Smith. (See State's Exhibit I).  It was not an unreasonable, never mind faulty, decision on the part of the Petitioner to enter a plea of guilty.  It is true that he was sentenced to forty-five years imprisonment.  However, the Court had the discretion to sentence him to 99 years or life, but did not do so.  The Petitioner may not have gotten as light a sentence as he had hoped for, but it was not as severe as it could have been.

"The Petitioner was indicted for a lesser offense than the Capital Murder with which he was originally charged.   Ms. Smith worked to reach an agreement between the Petitioner and the State to make that happen.  Ms. Smith also worked to have the State agree, as part of the deal, to consider standing silent and not opposing a reverse split sentence in a Murder case.   The Petitioner failed to meet his obligations under the agreement made between Ms. Smith and the State.  Mr. Keith and Ms. Smith cannot be blamed for that.  Ms. Smith argued for a lesser sentence than the one imposed by the Court.  She and Mr. Keith offered the Petitioner the opportunity to withdraw his plea.   The Petitioner refused.   Mr.

Keith and Ms. Smith cannot be blamed for that.  Ms.
Smith filed a motion asking the Court to reconsider
its sentence.  Counsel was not ineffective.  It was
the Petitioner who failed to meet the terms of the
agreement made between himself and the State.  He
failed himself by committing this offense.  He cannot
blame Mr. Keith and Ms. Smith for the consequences of
his actions.

"Ultimately, there is no actual proof, other than the
Petitioner's word, that he would not have pleaded
guilty if not for the 'failure' of his attorneys.  It
is easy to claim ineffective assistance of counsel
when one is unhappy with the result of his case.
However, the Petitioner did not make his unhappiness
with his attorneys known to the Court during his plea
colloquy or his sentencing hearing.  He continued to
seek Ms. Smith's assistance after sentencing, through
a representative.  (State's Exhibit I).  Only after
the Court imposed a sentence the Petitioner feels is
unfavorable did he claim he was wronged.

"Mr. Keith and Ms. Smith were not ineffective.  The
evidence indicates the Petitioner understood the
sentencing range, including the applicability of the
firearm enhancement.  He was informed of his
situation.  There is no outside evidence that there
was an agreement made between the State and the
Petitioner whereby he would receive a split sentence.
    The only agreement, the agreement the Petitioner
failed to follow, was that the State would consider
standing silent and not opposing a reverse split
sentence in return for verifiable information about
another investigation.  Furthermore, there is no
actual evidence, other than the Petitioner's word,
that he told his attorneys he wished to withdraw his
guilty plea.  In fact, Ms. Smith states in her
affidavit that the Petitioner chose not to move to
withdraw his guilty plea after being offered multiple
opportunities to do so.  There seems to be no actual
proof that counsel was ineffective and that
ineffectiveness led the Petitioner to enter a guilty
plea when he would not have done so otherwise.  In
fact, the evidence, by way of the Court's records,
the transcripts, and Ms. Smith's affidavit, indicates
that the Petitioner benefited from Mr. Keith's and
Ms. Smith's representation."

(C.R. 92-101.)    The record supports the circuit court's findings, and we adopt them as part of this memorandum. Therefore, the appellant's argument is without merit.    Because the appellant's claim was without merit, the circuit court properly summarily denied his petition.    <u>See</u> Rule 32.7(d), Ala. R. Crim. P.    Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-0850**

Marcel Austin v. State of Alabama  (Appeal from Montgomery  Circuit Court:
CC04-463.60)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and
considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on May 12th
2006:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate
Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 7th day of June, 2006.**

**Clerk
Court of Criminal Appeals
State of Alabama**

cc: Hon. Charles Price, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Marcelle Austin, Pro Se
Yvonne A. H. Saxon, Asst. Atty. Gen.

EXHIBIT
A-2

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Sonja McKnight
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

### CR-03-2078

Marcel Austin v. State of Alabama  (Appeal from Montgomery  Circuit Court: CC04-463)

## <u>ORDER</u>

In response to an earlier order of this Court, the appellant in the above-referenced cause has advised that no issues were reserved for appellate review before the plea of guilt was entered and that no motion to withdraw the guilty plea or motion for a new trial was filed within 30 days from the date sentence was pronounced.

Upon consideration of the above, the Court of Criminal Appeals orders that this appeal be and the same is hereby dismissed on authority of Williams v. State, 854 So.2d 625 (Ala.Crim.App. 2003).  Now, having this date dismissed this appeal, the Court further orders that the certificate of judgment shall issue forthwith.

Done this the 10th day of November, 2004.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Charles Price, Circuit Judge
    Hon. Melissa Rittenour, Circuit Clerk
    Denise Gordon, Court Reporter
    J. Carlton Taylor, Attorney
    Office of Attorney General

EXHIBIT
B
PENGAD-Bayonne, N.J

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-03-2078**

Marcel Austin v. State of Alabama  (Appeal from Montgomery  Circuit Court: CC04-463)

## CERTIFICATE OF JUDGMENT

To the Clerk of the above noted Trial Court, Greetings:

WHEREAS, the appeal in the above-referenced cause has been considered by the Court of Criminal Appeals; and

WHEREAS, an order was issued this date in said cause containing the judgment indicated below:

## Appeal Dismissed

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure and the order of dismissal, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk**
**Court of Criminal Appeals, on this**
**the 10th day of November, 2004.**

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Charles Price, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
J. Carlton Taylor, Attorney
Office of Attorney General

EXHIBIT
B-1