IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCEL AUSTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No.2:07cv491-WKW |
| ) | |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 file, through counsel, by state inmate Marcel Austin ("Austin") on June 5, 2007. By his petition, Austin challenges his conviction for reckless murder entered against him by the Circuit Court Montgomery County, Alabama, on June 21, 2004. Austin was sentenced to a term of 45 years in prison on August 6, 2004. Austin filed a notice of appeal, but his appeal was dismissed as untimely by the Alabama Court of Criminal Appeals on November 10, 2004. His conviction became final by operation of law on February 8, 2005.

The respondents have filed an answer in which they argue that Austin's habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] The respondents contend that because the conviction that

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Austin challenges became final in 2005 – after the effective date of the statute of limitations – Austin must have filed his § 2254 petition within a year of the conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction was pending in the state courts. The respondents acknowledge that Austin filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in July of 2005, and it appears to this court that such petition was submitted to prison officials for mailing on July 8, 2005.[2] However, the respondents maintain that even allowing a tolling of the limitation period contained in 28 U.S.C. § 2244(d)(1) during the pendency of this Rule 32 petition, the limitation period expired prior to Austin's filing this federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears

---

[2]Although the Rule 32 petition was date-stamped as "filed" in the Circuit Court of Montgomery County, Alabama, on August 1, 2005, Austin signed the petition on July 8, 2005, and the *in forma pauperis* application submitted with the petition was executed by the prison account clerk on July 8, 2005. Under the mailbox rule, a *pro se* inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *See Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Alabama courts have [adopted the mailbox rule and] held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993). Consequently, the prison mailbox rule applies to a *pro se* Rule 32 petition filed in the state courts of Alabama. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Austin's Rule 32 petition] was delivered to prison authorities the day [Austin] signed the petition. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, this court construes July 8, 2005, as the date Austin filed his state Rule 32 petition.

that Austin's § 2254 petition is precluded from review by this court because it was not filed within the time allowed by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. The Circuit Court of Montgomery County entered the challenged conviction against Austin on June 21, 2004. That court imposed sentence upon Austin on August 6, 2004. Austin filed a notice of appeal, but the appeal was dismissed as untimely by the Alabama Court of Criminal Appeals on November 10, 2004. That court entered a certificate of judgment on the same day. Austin did not seek further appellate review. Because he did not seek relief from the Alabama Supreme Court, Austin was not entitled to file a petition for certiorari with the United States Supreme Court. Thus, the time for seeking direct review of the challenged conviction expired upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court – i.e., 90 days after the Alabama Court of Criminal Appeals' November 10, 2004, entry of the certificate of judgment. *See Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Accordingly, Austin's conviction became final on February 8, 2005, and the one-year limitation period contained in section 2244(d)(1)(A) began to run on that date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This court finds that the limitation period ran for 150 days after Austin's conviction became final until his filing of the Rule 32 petition in the Circuit Court of Montgomery County on July 8, 2005. The trial court dismissed the Rule 32 petition on January 3, 2006. Austin appealed this ruling, and on May 12, 2006, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of the Rule 32 petition. The appellate court entered a certificate of judgment on June 7, 2006, rendering final resolution of this action in the state courts. Thus, Austin's Rule 32 petition remained pending in the state courts until June 7, 2006. At such time, Austin had 215 days remaining within which to file a timely federal habeas petition. The court therefore concludes that the time allowed Austin for the filing of a timely federal habeas petition expired on or about January 8, 2007. However, Austin did not file his federal habeas petition until June 5, 2007, approximately five months after expiration of the limitation period.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired before Austin filed filed the instant habeas petition under § 2254. Accordingly, it is

**ORDERED that on or before July 18, 2007**, Austin shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation

period established by 28 U.S.C. § 2244(d)(1).

    Done this 27th day of June, 2007.


        /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE