IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCEL AUSTIN, #236470, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No.2:07cv491-WKW |
| ) | (WO) |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

Marcel Austin ("Austin"), an Alabama inmate, is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254, filed through counsel on June 5, 2007. (Doc. No. 1.)  Austin challenges a conviction for reckless murder entered against him in 2004 by the Circuit Court of Montgomery County, Alabama.[1]  The respondents argue that Austin's petition is time-barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2]  (Doc. No. 4.)

The respondents acknowledge that Austin filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in July of 2005.[3]  (Doc. No. 4.)

---

[1] On August 6, 2004, the trial court sentenced Austin to 45 years in prison.  Austin filed a notice of appeal, but the appeal was dismissed as untimely by the Alabama Court of Criminal Appeals on November 10, 2004.

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

[3] Although the Rule 32 petition was date-stamped as "filed" in the Circuit Court of
(continued...)

However, the respondents contend that even allowing a tolling of the limitation period contained in 28 U.S.C. § 2244(d)(1) during the pendency of the Rule 32 petition in the state courts, the limitation period expired before Austin filed his federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001).

Based on the respondents' argument, the court entered an order advising Austin that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (Doc. No. 5.) The order also gave Austin an opportunity to show cause why his petition should not be barred from review by this court. (*Id*.) Austin took the opportunity granted to file a response. (Doc. No. 6.)

Upon review of the pleadings filed by the parties and the applicable federal law, the court concludes that Austin's habeas petition should be denied and this case dismissed with

---

[3](...continued)
Montgomery County, Alabama, on August 1, 2005, Austin signed the petition on July 8, 2005, and the *in forma pauperis* application submitted with the petition was executed by the prison account clerk on July 8, 2005. Under the mailbox rule, a *pro se* inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *See Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Alabama courts have [adopted the mailbox rule and] held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993). Consequently, the prison mailbox rule applies to a *pro se* Rule 32 petition filed in the state courts of Alabama. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Austin's Rule 32 petition] was delivered to prison authorities the day [Austin] signed the petition. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, this court construes July 8, 2005, as the date Austin filed his state Rule 32 petition.

prejudice because the petition was not filed within the time allowed by applicable federal law.

## II.  DISCUSSION

*A.*   *Limitation Period*

The Antiterrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year limitation period on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection.

The statute directs that the limitation period for filing a habeas petition under 28 U.S.C. § 2254 begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. The Circuit Court of Montgomery County entered the challenged conviction against Austin on June 21, 2004. That court imposed sentence upon Austin on August 6, 2004. As indicated above, Austin filed a notice of appeal, but his appeal was dismissed as untimely by the Alabama Court of Criminal Appeals on November 10, 2004. That court entered a certificate of judgment on the same day. Austin did not seek further appellate review. Because he did not seek relief from the Alabama Supreme Court, Austin was not entitled to file a petition for certiorari with the United States Supreme Court. Thus, the time for seeking direct review of the challenged conviction expired upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court – i.e., 90 days after the Alabama Court of Criminal Appeals' November 10, 2004, entry of the certificate of judgment. *See Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Accordingly, Austin's conviction became final on February 8, 2005, and the one-year limitation period contained in § 2244(d)(1)(A) began to run on that date.

Twenty-eight U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly

4

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Austin filed a Rule 32 petition in the Circuit Court of Montgomery County on July 8, 2005. This court finds that the limitation period ran for 150 days after Austin's conviction became final until his filing of the Rule 32 petition in the state trial court. The trial court dismissed the Rule 32 petition on January 3, 2006. Austin appealed the ruling, and on May 12, 2006, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of the Rule 32 petition. The appellate court entered a certificate of judgment on June 7, 2006, rendering final resolution of this action in the state courts. At such time, Austin had 215 days remaining within which to file a timely federal habeas petition. The court therefore concludes that the time allowed Austin for the filing of a timely federal habeas petition expired on or about January 8, 2007. However, Austin did not file his federal habeas petition until June 5, 2007, approximately five months after expiration of the one-year limitation period.

## B.     *Other Statutory Exceptions to Limitation Period*

Any efforts by Austin to seek harbor in the statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B)-(D) would be unavailing in this case.[4] There is no evidence that any unconstitutional or illegal State action impeded Austin from filing a timely § 2254 petition. *See* § 2244(d)(1)(B). Austin's claims also do not rest on an alleged "right [that] has been

---

[4] Austin does not assert that these tolling provisions should be applied to his petition.

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* § 2244(d)(1)(C). Finally, Austin does not submit any grounds for relief that arguably could not have been put forth earlier under the exercise of due diligence. *See* § 2244(d)(1)(D).

C.  *Equitable Tolling of Limitation Period*

The limitation period may be equitably tolled on grounds apart from those specified in 28 U.S.C. § 2244(d) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002); *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

Austin suggests as grounds for equitable tolling in his case that he is ignorant of the law and had no representation for his post-conviction remedies until his family hired his present counsel in 2007. (Doc. No. 6 at 1-2.) However, a petitioner' *pro se* status, ignorance of the law, and lack of legal assistance are insufficient grounds on which to toll the limitation period. *See Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation

during the applicable filing period merits equitable tolling"); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (same).

Based on the foregoing analysis, the court concludes that Austin has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action. The reasons set forth by Austin for his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. *See Sandvik*, 177 F.3d at 1271.

Because Austin is not entitled to tolling, statutory or equitable, his federal habeas petition is time-barred, and it is unnecessary to address the merits of the claims he raises in the petition.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be denied as time-barred and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **April 28, 2009.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed

findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 16th day of April, 2009.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE